[No. 42052.   En Banc.   July 6, 1972.]

JOHN P. LUNDMARK, *Respondent,* v. MUTUAL OF OMAHA INSURANCE COMPANY, *Appellant.*

*Lee, Carney, Smart & Bever,* by *Fred T. Smart, John F. Biehl,* and *Milton C. Smith,* for appellant.

*Jackson, Ulvestad & Goodwin,* by *Daniel G. Goodwin* and *James A. Grutz,* for respondent.

WRIGHT, J.—This action on an individual disability insurance policy presents a narrow issue. The 10 assignments of error reach one basic issue. Is an application for a policy of insurance admissible in evidence when there was a substantial change made after the initial application as a result of information voluntarily supplied by the applicant, which change was not attached to the policy?

John P. Lundmark, respondent (plaintiff), desired to purchase insurance and contacted appellant (defendant), as a result of advertising. One Norman Winchar, an agent of appellant called upon respondent and took an application, which was in the handwriting of Winchar. The initial interview took place in respondent's home during the evening of November 5, 1966. There is some dispute as to whether Winchar accurately recorded all of the information he was given on that occasion.

All questions relating to specific diseases or physical infirmities were answered "no" except for an indication that respondent had respiratory trouble. The application contained the following:

| 5. Name | Condition, Injury, Symptom of Ill Health, or Findings of Examination (If Operation Performed, State Type) | Date and Duration | Degree of Recovery | Name and Address of Hospital and Attending Physician, If Any |
|---|---|---|---|---|
| Mr. Lundmark | (Respiratory Trouble) (Operation) | 1951 | Full | Dr. V. A. Hospital |
| | | | | Seattle, Washington |
| | (Annual Exam.) (2 a year) | | | V. A. Hospital |

Respondent signed the application under a printed declaration that his statements and answers were true to the best of his knowledge and belief, and that he agreed the insurer was not bound by any statement made by or to the agent unless written on the application. The agent signed a certification that he had truly and accurately recorded the information supplied by the applicant.

Several days later and before the policy was delivered, respondent learned he had an ulcer of the stomach, of which he was unaware when the application was signed.

He promptly, voluntarily, telephoned appellant's office with that information.

He first asked to speak to Winchar, who was out. He then talked to Mr. Russ Hartung, the unit manager. Respondent told about the ulcer and after that, on or about December 21, 1966, Hartung and Winchar called on respondent. The original policy, then in the hands of the agents, was not delivered due to the new information, but was returned to the home office. Following that, an interoffice memorandum was written which reads as follows:

Health declaration should have read, Tuberculosis, hospitalized 16 mos.—Firland Sanitarium between 7-51 and 3-53 in Seattle—Had a Thoracoplastry Operation to relieve him of disease. Arrested since this time with no re-occurrince [sic] since—with checkups every six months —all handled by Veteran's Administration—see records VA Hospital—Seattle, Washington.

Application for ins. made on 11/5/66—applicant hosp. on 11/15/66—found to have pre-pyloric ulcer by Dr. Chauncey G. Paxson, M.D.—c/o 2460—76th SE Mercer Island, Washington 98040. Applicant was completely unaware of ulcer at time of application, however, did bring this to our attention himself when we attempted to place policy—before we knew—we await your instructions (hospitalized 3 days for test and observation) not dieting required.

Based upon the new information, the policy was rewritten to exclude coverage for the lung condition. The policy as rewritten was delivered in January, 1967.

From January to October, 1967, respondent continued to work for the telephone company, and had an above-average attendance record. In October, 1967, he had a stomach operation and thereafter was unable to work. His physician testified the disability resulted form the stomach condition and except for the stomach condition, respondent could have worked up to retirement.

Respondent made claim for total disability, which claim was rejected. This action was instituted by respondent to collect benefits under the policy. Starting May 18, 1970, the

matter was tried to a jury which returned a verdict May 26, 1970, in favor of plaintiff. Judgment was entered pursuant to the verdict.

■ Upon the trial, the court excluded from evidence the application and interoffice memorandum which exclusion was based upon RCW 48.18.080, which reads in part:

(1) No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a true copy of the application was attached to or otherwise made a part of the policy when issued and delivered. This provision shall not apply to policies or contracts of industrial life insurance.

It was the theory of respondent and of the trial court that since the interoffice memorandum was a substantial amendment of the application it was required that the memorandum be also attached to the policy. In the absence of the memorandum being attached to the policy, neither the original application nor the memorandum was admissible. With that view, we agree.

The case of *Hein v. Family Life Ins. Co.*, 60 Wn.2d 91, 376 P.2d 152 (1962), holds that the insured has a duty to read the insurance application when he receives it with his policy and to call any inaccuracies to the attention of the insurer. In such a situation, the insured is entitled to have the whole application before him, if any part is to be used against him as a defense. *Sandberg v. Metropolitan Life Ins. Co.*, 342 Pa. 326, 20 A.2d 230 (1941).

After receipt of the interoffice memorandum by the appellant's home office, the information therein was acted upon and the policy was issued. The application therein, absent the memorandum, was not complete. Therefore, the trial court was correct.

We affirm.

HAMILTON, C.J., FINLEY, ROSELLINI, HUNTER, HALE, NEILL, and STAFFORD, JJ., concur.

Petition for rehearing denied October 18, 1972.