Argued and submitted December 11, 1985, affirmed as modified February 12, 1986

# CITIZENS FIRST BANK,
*Appellant,*

*v.*

# INTERCONTINENTAL EXPRESS, INC.,
*Respondent.*

(253-982; CA A36077)

713 P2d 1097

Thomas V. Dulcich, Portland, argued the cause for appellant. With him on the brief were Ridgway K. Foley, Jr., P.C., and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

Robert S. Green, Portland, argued the cause for respondent. With him on the brief was Warren & Allen, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff, a Washington bank, commenced this action to recover damages due to defendant's refusal to pay two checks. Defendant is an Oregon corporation, with its principal place of business in Multnomah County. Defendant issued the two checks for $550 each, payable to Tom Sero, and delivered them to Sero at defendant's place of business in Portland on October 18, 1984. The checks were drawn on the Portland branch of the Bank of California. Sero deposited the checks in his account at plaintiff's branch in Elma, Washington, on October 22, 1984. Plaintiff allowed Sero to withdraw funds from his account, reducing the balance in the account to $139.65 by October 24, 1984. On October 24, defendant informed plaintiff that payment on the checks had been stopped. Plaintiff froze the remaining assets in Sero's account. On October 26, plaintiff received the checks from the drawee, the Bank of California, marked "payment stopped."

Plaintiff demanded payment on the checks from defendant. After defendant refused the request, plaintiff commenced this action to recover $960.35 and demanded attorney fees under ORS 20.090.[1] The trial court entered a judgment in favor of plaintiff for its damages but denied it attorney fees by applying Washington law. Plaintiff appeals the denial of attorney fees and argues that Oregon law applies to the recovery of attorney fees in this action.

■■ In deciding choice of law issues in contract actions, Oregon applies the law of the state which has the most significant relationship to the parties and to the transaction. *Lilienthal v. Kaufman,* 239 Or 1, 395 P2d 543 (1964); *Seattle-First National Bank v. Schriber,* 51 Or App 441, 625 P2d 1370 (1981); Restatement (Second) Conflict of Laws, § 188 (1971).[2]

---

[1] ORS 20.090(1) provides:

"Except as otherwise provided in subsection (2) of this section, in any action against the maker of any check, draft or order for the payment of money which has been dishonored for lack of funds or credit to pay the same or because payment has been stopped, the court shall allow a reasonable attorney fee at trial and on appeal to the prevailing party, in addition to disbursements."

[2] Restatement (Second) Conflict of Laws, § 188(1) (1971) provides:

"The rights and duties of the parties with respect to an issue in contract are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the transaction and the parties under the principles stated in § 6."

Plaintiff contends that this is not a contract case and that we should apply a more specific choice of law rule which applies to the obligations of drawers of checks. *See* Restatement (Second) Conflict of Laws § 215 (1971).[3] We conclude that this is a case brought to recover for a breach of contract, namely defendant's agreement as drawer to pay the amount of the draft to a holder, after dishonor, notice of dishonor and protest. ORS 73.4130(2). Accordingly, the choice of law rules which pertain to contract actions apply; however, under either test we would reach the same result.

It is clear that Oregon has the most significant relationship to the transaction and to the parties in this case and that the trial court erred in applying Washington law to deny plaintiff its attorney fees. The checks were drawn and delivered in Oregon by an Oregon corporation on the Oregon branch of a bank. Defendant stopped payment on the drafts in Oregon, where it also refused to pay the drafts after the drawee dishonored them. The only contact which Washington had with this transaction is that the checks were deposited in an account in a Washington bank. Plaintiff's cause of action arose in Oregon, where defendant ordered payment stopped and refused to pay. The fact that the checks were deposited in a Washington bank is irrelevant to defendant's obligations as a drawer of a check, and the state of Washington has no interest in whether plaintiff recovers attorney fees in an action on the drafts.

Restatement (Second) Conflict of Laws, § 215 (1971), *see* n 3 *supra,* points to the same conclusion. We understand that section to be a specific application of the most significant relationship test of section 188 to the obligations of a drawer. Section 215 provides essentially that the state in which the draft is delivered has the most significant relationship to the transaction and that its law should be applied to determine the obligations of the drawer. There is no dispute that the

---

[3] Restatement (Second) Conflict of Laws, § 215(1) (1971) provides, in pertinent part:

"The obligations of an indorser of a draft or note, and of a drawer of a draft, are determined * * * by the local law of the state where he delivered the instrument. That state is presumptively the state where the instrument is dated, if such a date is indicated, and, in the absence of notice to the contrary on the instrument, this presumption is conclusive with respect to a holder in due course."

drafts were delivered in Oregon. We hold that ORS 20.090 applies and that plaintiff is entitled to an award of reasonable attorney fees for the trial and appeal under ORS 20.090.

The trial court incorrectly applied *Seattle-First National Bank v. Schriber, supra,* to hold that Washington law applies. In *Schriber,* a Washington bank sued to recover on a note. At the time when the defendant signed the original note payable to the plaintiff, he was residing in California. He mailed the note to the bank in Washington. The defendant subsequently signed a renewal note when he was living in Oregon. We held that Oregon had no real interest in the matter, because none of the parties resided in Oregon when the contract was made. The fact that the defendant moved to Oregon after the transaction did not implicate any interest of this state. *Schriber* is easily distinguished from this case, in which defendant resided, delivered the check, stopped payment and refused to pay in Oregon.

Judgment modified to provide for an award of reasonable attorney fees and remanded for a determination of that award; otherwise affirmed.