Argued and submitted December 9, 1988, affirmed April 26, 1989

**MARQUEZ,**
*Respondent,*

*v.*

**MEYERS,**
*Appellant.*

(16 85 00665; CA A47542)

772 P2d 437

George W. Kelly, Eugene, argued the cause and filed the brief for appellant.

Joel S. DeVore, Eugene, argued the cause for respondent. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Buttler, Presiding Judge, and Warren and Newman, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Defendant appeals an order awarding attorney fees incurred in collecting the original judgment in this action that was entered more than eight months earlier. During oral argument, this court raised the question of whether the order is appealable. Counsel for both parties stated that they thought that it was and, after argument, defendant's counsel forwarded to us a certified copy of the Lane County judgment docket, showing that the amount of attorney fees awarded by the order had been separately docketed as a judgment. This matter is properly before us.

■  ORCP 68C governs the procedure for the award of attorney fees. It does not specifically require the entry of a separate judgment, as such; it requires only that the court "shall make a statement of the attorney fees * * *, which shall be entered as a part of the judgment." ORCP 68C(4)(d). It does not require the judge to sign a separate judgment. It is unclear how the clerk is expected to enter the "statement" as "part of the judgment," other than to enter it in the register and enter the amount in the docket, as was done here. If attorney fees are denied, there would be nothing for the clerk to enter. On the other hand, ORS 20.220 provides that an appeal may be taken from "a judgment under ORCP 68C(4) on the allowance and taxation of attorney fees." ORCP 67A defines a "judgment as used in these rules" as "the final determination of the rights of the parties in an action * * *." Given that definition, the disposition of ancillary issues, such as attorney fees and costs, would not constitute a judgment. Accordingly, we interpret ORS 20.220 to refer to whatever order is required by ORCP 68C(4)(d) to dispose of a claim for attorney fees.

ORCP 68C appears to contemplate that the amount awarded as attorney fees will be entered in the judgment theretofore entered in the principal action by filling in a blank left for that purpose. However, we know that that is not always the case, and we also know that, in order to appeal the award or denial of attorney fees, even though there is already an appeal from the judgment on the merits of the action, a separate notice of appeal must be filed. *See Jansen v. Atiyeh,* 89 Or App 557, 749 P2d 1230, *rev den* 305 Or 576 (1988). Given that state of affairs, to require that the award of attorney fees

be entered in the judgment in the principal action as a part of that judgment could mean that one who wished to appeal only the award of attorney fees would be confronted with the expiration of the time within which he could appeal before the award or denial of attorney fees is made. Obviously, that was not intended. Notwithstanding the confusion between ORCP 68C and ORS 20.220, we conclude that the order is appealable under ORS 19.010(2)(c):

"For the purpose of being reviewed on appeal, the following shall be deemed a judgment or decree:

"* * * * *

"(c) A final order affecting a substantial right, and made in a proceeding after judgment or decree."

We recognize that our conclusion means that there is little, if any, significance to ORS 20.220. So be it.

■ On the merits, the question is whether attorney fees incurred in collecting a judgment may be allowed when the application therefor is made more than 10 days after entry of the original judgment, which awarded plaintiff attorney fees for prosecution of the action. Approximately eight months thereafter, plaintiff filed a supplemental statement of costs and attorney fees relating to her efforts in collecting the judgment. Defendant objected on the ground that the supplemental statement was served and filed more than 10 days after the original judgment, contrary to ORCP 68C(4)(a)(i). The trial court did not sustain defendant's objection, entertained plaintiff's motion and entered the order awarding plaintiff attorney fees from which defendant appeals.

ORCP 68 "governs the pleading, proof and award of attorney fees in all cases, regardless of the source of the right to recovery of such fees * * *." ORCP 68C(1). Defendant does not challenge plaintiff's substantive right to the post-judgment attorney fees, but relies on the procedural requirement of ORCP 68C(4)(a)(1) that service of the statement of amount of attorney fees be made not later than 10 days after the entry of the judgment. It would appear that ORCP 68, on its face, does not contemplate an award of attorney fees incurred in collecting a judgment. However, we recognized in *Johnson v. Jeppe,* 77 Or App 685, 688, 713 P2d 1090 (1986), that

"[t]he enforcement of a judgment and final collection of

money due are 'legal services related to the prosecution or defense of an action' and may be considered in awarding attorney fees. The difficulty lies in determining the 'reasonable value' of these services before they are rendered."

In that case, the prevailing party, in his original statement for attorney fees, sought additional fees that he anticipated would be incurred in collecting the judgment. We reversed the award of post-judgment attorney fees, because the plaintiffs offered no evidence to substantiate their claim; it was based on pure speculation.

Given our recognition that post-judgment attorney fees may be awarded if there is evidence to support them, the question is whether the 10-day limitation for claiming them precludes the court's entertaining an application made after the attorney fees have been incurred, but more than 10 days after the original judgment. ORCP 15D permits the court, in its discretion, to allow any pleading or motion to be made "after the time limited by the procedural rules." We perceive no reason why a court may not exercise discretion to entertain such a motion. Defendant argues that, if this procedure is permitted, attorney fee litigation may continue forever because, each time an award of fees is made and becomes a part of the judgment, there might be a supplemental motion for attorney fees incurred in collecting the preceding judgment for fees. Although that result is a possibility, it is within the judgment debtor's control to avoid it.

We conclude that there is no procedural or practical reason why the procedure followed here is not permissible, within the court's discretion under ORCP 15D.

Affirmed.