On respondent's petition for reconsideration filed January 13, reconsideration allowed; opinion (117 Or App 78, 843 P2d 480) modified and adhered to as modified March 31, petition for review denied June 22, 1993 (317 Or 162)

Darlene MANZ,
*Appellant,*

*v.*

CONTINENTAL AMERICAN
LIFE INSURANCE COMPANY,
*Respondent.*

(9005-02899; CA A68487)

849 P2d 549

Don G. Carter, David B. Paradis and McEwen Gisvold Rankin & Stewart, Portland, for petition.

Christopher A. Rycewicz, Stafford Frey Cooper & Stewart, Michael J. Knapp and Myers & Knapp, Portland, *contra.*

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

Defendant petitions for review of our decision reversing the summary judgment for it. 117 Or App 78, 843 P2d 480 (1992). We treat the petition as one for reconsideration, ORAP 9.15(1), allow it and adhere to our decision.

In our original opinion, we concluded that Washington substantive law governs this dispute. We also concluded that, under RCWA 48.18.080(1), defendant could not rely on misstatements contained in plaintiff's insurance application, because it did not provide a copy of that application with the certificate of insurance it delivered to plaintiff. Defendant contends that we erred in applying that statute, because the governing statute is RCWA 48.21.060, which provides:

> "There shall be a provision that a copy of the application, if any, of the policyholder shall be attached to the policy when issued; that all statements made by the policyholder or by the individuals insured shall in the absence of fraud be deemed representations and not warranties, and that no statement made by any individual insured shall be used in any contest unless a copy of the instrument containing the statement is or has been furnished to such individual or to his beneficiary, if any."

RCWA 48.21.060 is a standard provision that governs every policy of group or blanket disability insurance covering a Washington insured. RCWA 48.21.050. RCWA 48.18.010 provides that RCWA 48.18.080(1) does not apply to "life or disability insurance policies not issued for delivery in [Washington], nor delivered in [Washington]." Consequently, if the policy covering plaintiff was a group disability policy that was not issued for delivery or delivered in Washington, RCWA 48.21.060, not RCWA 48.18.080(1), would govern the admissibility of plaintiff's application.

The parties dispute whether defendant's policy is a group disability policy not issued for delivery or delivered in Washington. No Washington statute or case clearly defines what constitutes such a policy. Even assuming that plaintiff's policy was governed by RCWA 48.21.060, not RCWA 48.18.080(1), as we initially determined, the result would be the same.

In *Johnson v. Prudential Insurance Co. of America*, 519 SW2d 111 (Tex 1975), the Texas Supreme Court construed a statute with virtually identical language to that of RCWA 48.21.060,[1] to require an insurer to provide an individual insured under a group insurance policy with a copy of his or her application when it delivers the certificate of insurance. It explained:

"The first clause in the above quoted subsection * * * puts us upon the track of a proper understanding of the legislative intention. It requires that a copy of the application of the policyholder be attached to the policy. This requirement is in accord with long established legislative provisions which exist for well recognized reasons. Applications for insurance and other written statements made in that connection are often filled out or written by insurance agents or others and only signed by the insured. It has often been held that it is the underlying legislative intention to require that the insured have the material terms of the contract at hand during his lifetime in order that he might examine and correct any misrepresentations which have been made the basis of the insurance coverage. * * *

"Since 1903 Texas has had a statutory provision requiring the attachment of application and policy in certain insurance contracts. * * * [T]his statutory provision has been repeatedly applied to prevent the use of statements of the insured which are not attached to the policy when the insurance company has sought to avoid payment by proof that the statements were false and were fraudulently made to procure issuance of the policy. * * *

"* * * * *

"The first clause specifically requires that the application of the policyholder be attached to the policy when issued. It would be of little use to the individual insured to have his own application added to the policy. The 'policy' is the master group policy; the individual insured may receive only a certificate * * *. It is the last clause of this same sentence * * * that extends the same protection to the individual

---

[1] The Texas statute provided:

"A copy of the application, if any, of the policyholder shall be attached to the policy when issued, that all statements made by the policyholder or by the persons insured shall be deemed representations and not warranties, and that no statement made by any person insured shall be used in any contest unless a copy of the instrument containing the statement is or has been furnished to such person or to his beneficiary."

insured which the policyholder received by the first clause. The intent of the requirement that copies of his statements be furnished to the insured must be to show him this basis for his coverage and to afford him the opportunity to make any correction needed." 519 SW2d at 113. (Citations omitted.)

As we explained in our opinion, under Washington law, as in Texas, the insured has a duty to read the insurance application when it is received with the policy and to call any inaccuracies to the attention of the insurer. *Lundmark v. Mutual of Omaha Insurance Company*, 80 Wash 2d 804, 807, 498 P2d 867 (1972). The statute is intended to facilitate the fulfillment of that obligation. Washington, like Texas, also has other insurance statutes that specifically require an insurer to attach to the policy a copy of the insured's application when the policy is delivered. *See* RCWA 48.18.080(1). Moreover, in Washington, a certificate of insurance provided under a group plan is part of the insurance contract, along with the master policy. *Fittro v. Lincoln Nat. Life Ins. Co.*, 111 Wash 2d 46, 51, 757 P2d 1374 (1988). We conclude that a Washington court would construe RCWA 48.21.060 the same way as the Texas Supreme Court construed the similar statute. Because defendant did not provide plaintiff with a copy of her application when it issued her insurance certificate, it cannot rely on that application to support its denial of coverage.

Reconsideration allowed; opinion modified and adhered to as modified.