Argued and submitted May 27, reversed and remanded with instructions
December 9, 1992, respondent's petition for reconsideration allowed by opinion
March 31, 1993
See 119 Or App 31, 849 P2d 549 (1993)

## Darlene MANZ,
*Appellant,*

*v.*

## CONTINENTAL AMERICAN LIFE
## INSURANCE COMPANY,
*Respondent.*

### (9005-02899; CA A68487)

843 P2d 480

Christopher A. Rycewicz, Portland, argued the cause for appellant. With him on the briefs were Stafford Frey Cooper & Stewart, Michael J. Knapp and Myers & Knapp, Portland.

David B. Paradis, Portland, argued the cause for respondent. With him on the brief was McEwen, Gisvold, Rankin & Stewart, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiff appeals a judgment for defendant, assigning as error the trial court's granting of a portion of defendant's motion for summary judgment and its denial of plaintiff's cross-motion for summary judgment. We reverse.

Plaintiff is insured under a group health insurance policy issued by defendant. The policy, which is held by an Illinois trustee, covers the employees and their dependents of a Washington business, Hal's Motor Clinic (Hal's). After incurring medical expenses that were covered under the terms of the policy, plaintiff submitted a claim. Defendant denied that claim, because it believed that the enrollment card submitted by plaintiff's husband, an employee of Hal's, misrepresented plaintiff's medical history. Plaintiff brought this action to recover the amounts allegedly due under the policy.

Defendant moved for summary judgment, asserting that the law of Illinois governs the substantive issues in the dispute and that, under Illinois law, it could rely on the material misrepresentation contained on the enrollment card to support its defense. Plaintiff made a cross-motion for summary judgment, arguing that Washington law controls and that, under Washington law, defendant could not rely on the enrollment card. The trial court concluded that the Illinois substantive law applies, denied plaintiff's cross-motion for summary judgment and granted defendant's motion for summary judgment, in part.[1] Plaintiff assigns error to those rulings.

■■ Under Oregon's conflict of laws rule, Oregon courts resolve procedural issues under Oregon law and substantive issues according to the law of the forum having the most significant contacts with the dispute. *Industrial Indemnity v. Pacific Maritime Assoc.*, 97 Or App 676, 679, 777 P2d 1385 (1989). Before applying the law of one forum rather than another, a court must first "determine whether the laws of

---

[1] Defendant also argued that summary judgment should be granted because, under Illinois law, plaintiff's misrepresentations were material. The court denied that part of defendant's motion, because it found that question presented a genuine issue of material fact. Neither party assigns error to that ruling. After a trial on stipulated facts, the court found that the misrepresentations were material.

the states having a connection with the controversy are in conflict" on the particular issue. *Lilienthal v. Kaufman*, 239 Or 1, 5, 395 P2d 543 (1964); *Erwin v. Thomas*, 264 Or 454, 457, 506 P2d 494 (1973). The issue is whether defendant could rely on the information contained in the enrollment card submitted on plaintiff's behalf to support its misrepresentation defense. The parties agree that either the law of Washington or of Illinois applies.[2]

The parties have stipulated that defendant did not provide plaintiff with a copy of the enrollment card with her certificate of insurance and that the enrollment card was part of the application for the insurance. Under Washington law, an insurer cannot rely on statements made by an insured in an application for group health and accident insurance, unless that application was attached to the policy when it was issued. RCWA 48.18.080;[3] *US Life Credit Life Ins. Co. v. McAfee*, 29 Wash App 574, 581, 630 P2d 450, *rev den* 97 Wash 2d 1004 (1981).

> "[T]he insured has a duty to read the insurance application when he receives it with his policy and to call any inaccuracies to the attention of the insurer. In such a situation, the insured is entitled to have the whole application before him, if any part is to be used against him as a defense." *Lundmark v. Mutual of Omaha Insurance Company*, 80 Wash 2d 804, 807, 498 P2d 867 (1972).

Conversely, under Illinois law, an insurer who provides group health insurance coverage can rely on statements made by an insured on an enrollment card, even if it does not provide the insured with a copy of those statements along with the certificate of insurance. *Hofeld v. Nationwide Life Insurance*

---

[2] Plaintiff is a resident of Oregon. Defendant is a resident of Pennsylvania. Plaintiff argues that, if Illinois law applies, we must apply the law of Oregon, because Illinois incorporates the law of Oregon by statute. Because we conclude that Washington law applies, we need not determine whether Illinois law requires us to apply Oregon law.

[3] RCWA 48.18.080(1) provides:

"No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a true copy of the application was attached to or otherwise made a part of the policy when issued and delivered. This provision shall not apply to policies or contracts of industrial life insurance."

*Company*, 59 Ill 2d 522, 533, 322 NE2d 454 (1975). Accordingly, because there is an actual conflict of laws on that substantive issue, we must determine which state has the most significant contacts with this dispute.

Although *Restatement (Second) Conflict of Laws* is not the law of Oregon, our courts refer to its provisions as a guide in resolving conflict of laws questions, especially in contract cases. *See Davis v. State Farm Mut. Ins.*, 264 Or 547, 549, 507 P2d 9 (1973). *Restatement (Second) Conflict of Laws* § 188 (1971) provides, in part:

"(2) In the absence of an effective choice of law by the parties * * * the contacts to be taken into account * * * to determine the law applicable to an issue include:

"(a) the place of contracting,

"(b) the place of negotiation of the contract,

"(c) the place of performance,

"(d) the location of the subject matter of the contract, and

"(e) the domicil, residence, nationality, place of incorporation and place of business of the parties.

"These contacts are to be evaluated according to their relative importance with respect to the particular issue.

"(3) If the place of negotiating the contract and the place of performance are in the same state, the local law of this state will usually be applied * * *."

It is undisputed that Washington is the state where the insurance was offered to and accepted by Hal's and the place where the policy was to be performed. Defendant delivered the certificate of insurance in Washington, and all payment of premiums and processing of claims occurred in that state. Illinois, on the other hand, has only one contact with this dispute.[4] It is the location of the trust that holds the group master policy. The trustee's sole obligation under that trust is to act as a policy holder. It performs no administrative

---

[4] In *Citizens First Bank v. Intercontinental Express*, 77 Or App 655, 658, 713 P2d 1097 (1986), the only contact that Washington had with the dispute was that it was the place where the plaintiff had deposited the check that was the subject of the dispute. Nevertheless, we employed the "most significant contacts" test to determine if the law of Oregon or Washington applied. Similarly, the sole contact Illinois has with this dispute is also sufficient to invoke a conflict of laws analysis.

duties, except at the direction of defendant, accepts no premiums, is not responsible for the payment of benefits and does not receive or process any claims.

Defendant argues that, if a court does not apply the law of Illinois, insureds in various states will receive varying levels of protection, depending on how each state interprets the policy. Therefore, it contends, Illinois has the most significant contacts with this dispute.

■ Defendant's argument explains why and how the contact with Illinois is significant. Nevertheless, the contact is not one that we consider important in our most significant contacts analysis. When evaluating contacts, we look to those that show that the *state* has some interest in having its law apply to the dispute. *See Lilienthal v. Kaufman, supra,* 239 Or at 7. We are not concerned with the subjective desires of the parties. That is why *Restatement (Second) Conflict of Laws* § 188 applies only "[i]n the absence of an effective choice of law by the parties * * *."[5] Illinois has no interest in having its law applied to this dispute simply because it is the physical situs of the group master policy. *See Citizens First Bank v. Intercontinental Express, supra* n 4, 77 Or App at 658. Consequently, Washington has the most significant contacts with this dispute.

Under Washington law, all insurance and insurance transactions in that state, "and all persons having to do therewith," are governed by Washington's insurance code. RCWA 48.01.020[6] Plaintiff and defendant are persons involved in a Washington insurance transaction. Consequently, a Washington court would apply the Washington insurance code to resolve this dispute. We have already determined that, under the Washington insurance code, plaintiff's application was inadmissible. Consequently, the court erred in granting summary judgment for defendant.

Reversed and remanded with instructions to enter judgment for plaintiff.

---

[5] We express no opinion as to whether a choice of law provision would have been valid in the contract at issue here.

[6] RCWA 48.01.020 provides:

"All insurance and insurance transactions in this state, or affecting subjects located wholly or in part or to be performed within this state, and all persons having to do therewith are governed by this code."