Argued and submitted November 4, 1993; resubmitted April 13, decision of the
Court of Appeals reversed; judgment of the circuit court affirmed April 21, 1994

Jeffrey A. MARCILIONIS,
*Respondent on Review,*

*v.*

FARMERS INSURANCE COMPANY
OF OREGON,
an Oregon corporation,
*Petitioner on Review.*

(CC 9201-00516; CA A75156; SC S40422)

871 P2d 470

John M. Eickelberg, of Cavanagh & Zipse, Portland, argued the cause and filed the petition for petitioner on review.

Timothy J. Vanagas, Gresham, argued the cause for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, and Unis, Justices.

UNIS, J.

## UNIS, J.

The issue in this declaratory judgment action is whether plaintiff was "occupying" his uncle's car when he was struck and injured by an uninsured car. If so, he is entitled to uninsured motorist coverage as an "insured person" under the terms of his uncle's car insurance policy issued by defendant Farmers Insurance Company (Farmers). We hold that plaintiff was not "occupying" his uncle's car and, therefore, is not an insured person entitled to uninsured motorist coverage under his uncle's car insurance policy.

The facts in this proceeding are not in dispute. On May 1, 1990, shortly after 3:00 a.m., plaintiff was driving his uncle's car when he noticed a woman standing on a curb and waving at him. Plaintiff, who is deaf, pulled over to the curb, stopped the car, and unsuccessfully attempted to communicate with the woman. The woman unexpectedly entered the car, removed the keys from the ignition, left the car through the passenger door, closed the door, and began to run down the street. Plaintiff left the car through the driver's door, closed the door, and began to chase the woman. Plaintiff caught up with the woman and grabbed her not far from the rear of the car. The woman threw the keys, but plaintiff did not see where they landed. After searching for and finding the keys in the street, and while in the act of picking up the keys, plaintiff saw a car approaching at a high rate of speed. Plaintiff unsuccessfully attempted to leap out of its path, but was struck by the car and sustained personal injury.

The driver of the car that struck plaintiff was uninsured. Plaintiff filed an uninsured motorist claim with Farmers, plaintiff's uncle's insurer. Farmers denied plaintiff's claim because in its view plaintiff was not "occupying" his uncle's car at the time of his injury as required by the terms of the insurance policy. Plaintiff then brought this declaratory judgment action, seeking a declaration that he was "occupying" his uncle's car at the time of his injury and that he was, therefore, an "insured person" entitled to uninsured motorist coverage under Farmers' insurance policy.

Both plaintiff and defendant moved for summary judgment, relying on their interpretations of the term "occupying" as defined by the Court of Appeals in *State Farm Ins.*

*Co. v. Berg,* 70 Or App 410, 415, 689 P2d 959 (1984), *rev den* 298 Or 553 (1985) ("a person remains an 'occupant' of a vehicle until the person has completed all acts reasonably expected to be performed under the circumstances or reasonably incidental to the disembarking process and commences a new course of conduct"), and in *Mackie v. Unigard Insurance Co.*, 90 Or App 500, 503, 752 P2d 1266 (1988) (reaffirming the holding in *Berg*). The trial court held that plaintiff was not occupying his uncle's car at the time he was injured. Consequently, the trial court granted defendant's motion for summary judgment and denied plaintiff's motion.

Plaintiff appealed to the Court of Appeals, which reversed the judgment of the trial court and remanded the case with instructions to enter judgment for plaintiff, holding:

> "[P]laintiff's course of conduct, *i.e.*, his trip, was not terminated by the event that caused him to leave the car; rather, he left the car for the very purpose of facilitating the continuation of that course. Furthermore, his physical departure from the car and recovery of the keys were essential to his ability to resume his course of occupying and using the car. Summarily stated, he left the car for the purpose of making his continued occupancy of it possible. *Berg* and *Mackie* give a broad meaning to 'occupying' and similar terms, which goes beyond physical presence and its immediate precursor and aftermath. In our opinion, plaintiff fits well within that meaning." *Marcilionis v. Farmers Ins. Co.*, 121 Or App 108, 112, 854 P2d 474 (1993).

We allowed defendant's petition for review and now reverse the decision of the Court of Appeals and affirm the judgment of the trial court.

The language of Farmers' policy provides:

> "[Insurer] will pay all sums which an insured person is legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured person.
>
> "* * * * *
>
> "Insured person means:
>
> "a. You or a family member.
>
> "b. Any other person while occupying your insured car.

"\* \* \* \* \*

*"Occupying [the insured car] means in, on, getting into or out of."* (Emphasis added.)

Uninsured motorist coverage in Oregon is governed by ORS 742.500 to 742.510. ORS 742.504 provides in part:

"Every policy required to provide [uninsured motorist coverage] shall provide uninsured motorist coverage which in each instance is no less favorable in any respect to the insured \* \* \* than if the following provisions were set forth in the policy."

ORS 742.504 requires insurers to provide certain coverage for the "insured." ORS 742.504(2)(a)(C) defines "insured" to include a "person while occupying an insured vehicle provided the actual use thereof is with the permission of the named insured." "Occupying," in reference to an insured car, is defined in ORS 742.504(2)(i) to mean *"in or upon or entering into or alighting from."* (Emphasis added.) Because of ORS 742.504, plaintiff is entitled to uninsured motorist coverage as an "insured person" under Farmers' policy if he was "occupying" his uncle's car, as the term "occupying" is defined either in ORS 742.504(2)(i) or in Farmers' policy.[1]

A comparison of the statute's definition of "occupying" with the policy's definition of "occupying" satisfies us that there is no basis for finding a difference in the meaning of that term in the statute and in the policy. Therefore, a determination of the meaning of "occupying" in ORS 742.504(2)(i) will also be a determination of the meaning of that term in the policy.

■ In interpreting a statute, this court seeks to determine the intent of the legislature. *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610, 859 P2d 1143 (1993). At the first level of analysis, we examine the "text and context of the statute," applying aids of interpretation that "bear directly on how to read the text \* \* \* [and interpret] the statutory

---

[1] Plaintiff was not living with his uncle at the time he was injured. Plaintiff concedes, therefore, that although he is related to the insured, he is not entitled to uninsured motorist coverage under the "family member" provision of Farmers' policy. Farmers' policy states that a "family member means a person related to [insured] by blood, marriage or adoption who is a resident of your household." Similarly, plaintiff is not an "insured" under ORS 742.504(2)(a)(A) or 742.504(2)(a)(B).

provision in context." *Id.* at 610-11. If we can discern the intent of the legislature after that inquiry, "further inquiry is unnecessary." *Id.* at 611.

When examining the text of a statute, one aid of interpretation that this court will apply is that "words of common usage typically should be given their plain, natural, and ordinary meaning." *Id.* at 611 (citing *Perez v. State Farm Mutual Ins. Co.*, 289 Or 295, 299, 613 P2d 32 (1980)). In *Perez*, this court applied that aid of interpretation to undefined words in an automobile insurance statute. *Perez v. State Farm Mutual Ins. Co., supra*, 289 Or at 299. The aid of interpretation applied in *Perez* is applicable to the definition of "occupying" in this case because the words that define "occupying" in ORS 742.504(2)(i) are words of common usage.

The words "in," "upon," "into," and "from" are prepositions. Prepositions are words that show relationships. Here, the prepositions are used to show the relationship of a person to the insured car. "In" commonly is "used as a function word to indicate location or position in space or in some materially bounded object." Webster's Third New International Dictionary 1139 (1976). "Upon" commonly means "on." *Id.* at 2517. "On" commonly is "used as a function word to indicate position over and in contact with that which supports from beneath." *Id.* at 1574. "Into" commonly is "used as a function word primarily denoting motion so directed as to terminate, if continued, when the position denoted by *in* has been reached and [usually] after a verb that carries the idea of motion or a word implying or suggesting motion or passage to indicate a place or thing entered or penetrated or enterable or penetrable by or as if by a movement from the outside to an interior part." *Id.* at 1184. (Emphasis in original.) The verb "enter" or "entering" commonly means "to go or come into a material place: make a physical entrance or penetration." *Id.* at 756. "From" commonly is "used as a function word to indicate a starting point," or "the act, fact, or condition of removal [or] withdrawal." *Id.* at 913. The verb "alighting" commonly means "to spring down, get down, or descend (as from horseback or from a vehicle)." *Id.* at 53.

■■    Giving the words used in the statute to define "occupying" their natural, plain, and ordinary meaning, a person is "in" the insured car when that person is completely or partially inside a portion of the car. A person is "upon" the insured car when a part of that person's body is above and rests on a portion of the car. A person is "entering into" the insured car when a part of that person makes physical contact with the car in a manner that in the ordinary course would lead directly to entrance or penetration into the car. A person is "alighting from" the insured car when that person is in the process of removing his or her body from some portion of the car.

In the present case, plaintiff was in the middle of the street picking up his keys when he was struck and injured by the uninsured motorist. Applying the unambiguous text of the statute, plaintiff was not "in," "upon," "entering into," or "alighting from" his uncle's car when he was struck and injured. Accordingly, plaintiff was not "occupying" his uncle's car under either ORS 742.504(2)(i) or the policy. Because plaintiff was not "occupying" the car under either the statute or the policy, the Court of Appeals erred in reversing the judgment of the trial court.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is affirmed.