Argued and submitted October 11, affirmed December 29, 1999

# MUTUAL OF ENUMCLAW
# INSURANCE COMPANY,
*Respondent,*

*v.*

# George PAYNE,
*Appellant.*

## (CCV-9703470; CA A101240)

993 P2d 186

G. Kenneth Shiroishi argued the cause for appellant. On the opening brief was Dunn, Carney, Allen, Higgins & Tongue.

Thomas M. Christ argued the cause for respondent. With him on the brief was Mitchell, Lang & Smith.

Before Landau, Presiding Judge, and Linder and Brewer, Judges.

BREWER, J.

**BREWER, J.**

Defendant appeals from summary judgment declaring that a motor vehicle insurance policy issued by plaintiff did not provide uninsured motorist (UM) or personal injury protection (PIP) coverage for injuries defendant suffered when he was struck by another vehicle while standing on a road outside the insured vehicle that he had been driving. At issue is whether Oregon or Washington law controls whether defendant was a covered person under the UM and PIP sections of the policy at the time of the accident. In concluding that defendant was not covered, the trial court applied Oregon law. We affirm.

Plaintiff is a Washington insurance company authorized to do business in other states, including Oregon. It issued an automobile liability insurance policy to its insured that covered several vehicles registered and garaged in Washington and one registered and garaged in Oregon. Defendant, the insured's employee, is an Oregon resident. The policy was issued in Washington. It defined "insured" under the general liability provision to include a person injured while "using" the vehicle. However, the UM and PIP sections of the policy limited coverage to persons injured while "occupying" the vehicle. The policy does not define the term "using." It defines "occupying" as "in, upon, or getting in, on, out or off" a vehicle. A "conformity" clause specified that "[t]erms of this policy which are in conflict with the statutes of the State where this policy is issued [*i.e.*, Washington] are amended to conform to such statutes."

In March 1996, defendant was driving the Oregon vehicle in Boring, Oregon, when he saw a pickup truck run off the road and hit a tree. According to defendant's evidence, he pulled over, turned on his vehicle's emergency lights, and got out to offer assistance. He then stood in the road to direct traffic around the scene of the accident.[1] In the process of attempting to reenter the road, the driver of the truck ran

---

[1] Plaintiff takes issue with defendant's portrayal of himself as a "Good Samaritan" and argues that the facts are substantially different. However, the difference between the parties' accounts does not present a material issue of fact, because it does not affect the legal determination before us.

over defendant, who was severely injured. The driver was uninsured.

Defendant made a claim under the policy for UM and PIP benefits. Plaintiff responded that defendant was not covered because he was not "occupying" the vehicle at the time of the accident and filed this action seeking a declaratory judgment to that effect. The parties filed cross-motions for summary judgment, and the trial court ruled in plaintiff's favor on each. The court concluded that Oregon law controlled its interpretation of the policy, because Oregon was "the state which the parties understood was to be the principal location of the insured risk[.]" The court then held that under Oregon law, defendant "was not 'occupying' the covered vehicle at the time of the incident."

■ Defendant assigns error to each of the trial court's rulings on the cross-motions for summary judgment. He argues that under the language of the policy, specifically the conformity clause and a conflict of laws analysis, Washington law controls and that under Washington law he is entitled to the disputed benefits. We review the trial court's decision on summary judgment to determine whether "there is [a] genuine issue as to any material fact and [whether] the moving party is entitled to a judgment as a matter of law." ORCP 47 C; *Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). *See also Cochran v. Connell*, 53 Or App 933, 632 P2d 1385, *rev den* 292 Or 109 (1981) (in an appeal from summary judgment that resulted from cross-motions for summary judgment, if both the granting of one motion and the denial of the other are assigned as error, then both are subject to review). The parties agree that there are no genuine issues of material fact and that their dispute should be resolved on summary judgment. We review the trial court's interpretation of the insurance policy for errors of law. *St. Paul Fire v. McCormick & Baxter Creosoting*, 324 Or 184, 192, 923 P2d 1200 (1996).

Defendant observes that Oregon law favors effectuating the parties' choice of law. *See, e.g., Young v. Mobil Oil Corp.*, 85 Or App 64, 67, 735 P2d 654 (1987) ("In construing contracts, Oregon adheres to the rule that the intention of the parties prevails," although there are limits if the parties'

choice is unreasonable.). Defendant also argues that Washington law applies, because Washington has the most significant relationship with the policy and the parties to it. *See, e.g., Manz v. Continental American Life Ins. Co.*, 117 Or App 78, 80-81, 843 P2d 480 (1992), *adhered to as modified* 119 Or App 31, 849 P2d 549, *rev den* 317 Or 162 (1993).

Defendant correctly notes that Washington law requires automobile liability insurance policies to provide UM coverage that defines the meaning of "insured" as broadly as defined by the liability coverage section.[2] *Rau v. Liberty Mut. Ins. Co.*, 21 Wash App 326, 328-29, 585 P2d 157 (1978).[3] In *Rau*, the Washington Court of Appeals held that a UM provision defining "insured" to mean a person "occupying" an insured vehicle must be enlarged to conform to the broader definition of insured under the liability section of the policy, which included persons "using" the insured vehicle. *Id*. at 335.[4]

As noted, the policy in this case, as in *Rau*, defines an insured under the general liability section to include any person "using" the covered vehicle. Defendant contends that he was using the insured vehicle when he was injured.[5] By its

---

[2] Because the parties treat the analysis of the policy's UM and PIP coverages identically, we do likewise.

[3] The court construed the Washington UM statute, Wash Rev Code § 48.22.030(2)(1999), which provides:

"No new policy or renewal of an existing [auto insurance] policy * * * shall be issued with respect to any motor vehicle *registered or principally garaged in this state* unless coverage is provided therein or supplemental thereto for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of underinsured motor vehicles * * *." (Emphasis added.)

[4] In *Rau*, the court defined "use" of an insured vehicle to include the following four elements:

"(1) there must be a causal relation or connection between the injury and the use of the insured vehicle; (2) the person asserting coverage must be in a reasonably close geographic proximity to the insured vehicle, although the person need not be actually touching it; (3) the person must be vehicle oriented rather than highway or sidewalk oriented at the time; and (4) the person must also be engaged in a transaction essential to the use of the vehicle at the time." *Id*. at 334 (citations omitted).

[5] For reasons that follow, we need not determine whether defendant was, in fact, using the vehicle when he was injured.

terms, the policy extends UM coverage only to a person "occupying" the vehicle. Under Washington law, that provision would necessarily yield to the broader definition of covered persons provided by the liability section. Defendant asserts that he is entitled to coverage based on the conformity clause of the policy. Plaintiff responds that Oregon law governs the construction of the policy as it relates to the facts of this case. Because the policy only covers "occupants" of insured vehicles, and because defendant was not an "occupant" as that term is defined under Oregon law, plaintiff contends that the trial court's decision was correct.

■ We agree with plaintiff. The conformity clause of the policy is inapplicable in this case, because the discrepancy between the policy's definitions of covered persons for purposes of general liability and UM coverages does not conflict with Washington law. By its terms, the statute on which the *Rau* court relied applies *only* to vehicles registered and garaged in Washington. Wash Rev Code § 48.22.030. Therefore, its restriction on an insurer's power to differently define classes of covered persons depending on coverage type does not apply, regardless of the conformity clause.

The Washington Supreme Court confronted this issue in a case in which a rental car registered and garaged in Oregon was involved in an accident in Washington. The rental contract provided for underinsured motorist coverage in the amount required by the law of the state in which an accident occurred. The court rejected the injured driver's assertion that Washington law governed his underinsured motorist claim.

"[T]he Washington underinsured [and uninsured] motorist * * * statute, [Wash Rev Code §] 48.22.030, does not govern the * * * vehicle because it was not registered or principally garaged in Washington. We will not give effect to this quasi choice-of-law provision[, which] seeks to take unjust advantage of a state's inability to legislate with regard to vehicles registered outside its borders. In evaluating whether [the insurer] owes coverage and if so, how much, we will apply Oregon law." *Van Vonno v. Hertz Corp.*, 120 Wash 2d 416, 419, 841 P2d 1244, 1247 (Wash 1992).

In *Van Vonno*, the Washington court disclaimed any choice of law interest in the application of its UM statutes, despite the fact that the accident took place in Washington. In this case, plaintiff is an Oregon resident who was injured in Oregon while driving a vehicle registered and garaged in Oregon. If anything, Washington's interest in the application of its UM law is even less compelling on these facts. Accordingly, we reject defendant's argument that Washington has the most significant relationship with the policy and, therefore, that Washington law should apply to its interpretation. Because Washington law does not govern UM coverage applicable to the Oregon vehicle in this case, its definition of "use" of a vehicle is not material to our analysis. As a consequence, the policy's conformity clause is not triggered in this case.

■ Under Oregon law, the trial court correctly entered summary judgment in favor of plaintiff. The Oregon UM statute requires coverage only if defendant was "occupying" an insured vehicle. ORS 742.504(2)(a)(C). "Occupying" means "in or upon or entering into or alighting from" a vehicle. ORS 742.504(2)(i). That definition is, for practical purposes, identical to the meaning of "occupying" set forth in the policy. *See Marcilionis v. Farmers Ins. Co.*, 318 Or 640, 644, 871 P2d 470 (1994). Under each party's version of the facts, defendant was in the middle of the street, completely out of physical contact with the insured vehicle when he was injured; he was not "occupying" it under either ORS 742.504(2)(i) or the policy. *Id.* at 646 (plaintiff struck and injured by uninsured motorist while in the middle of the street picking up keys was not "occupying" insured vehicle under either ORS 742.504(2)(i) or the subject policy). Therefore, he is not entitled to coverage for his injuries under the policy and the trial court did not err in granting summary judgment in favor of plaintiff.

Affirmed.