NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 13 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YELENA NIKOLAYCHUK, Personal Representative of the Estate of Igor Nikolaychuk, | No. 18-36013 |
| Plaintiff-Appellee, | D.C. No. 3:17-cv-00921-JE |
| v. | MEMORANDUM* |
| NATIONAL CASUALTY COMPANY, | |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
John Jelderks, Magistrate Judge, Presiding

Submitted December 11, 2019**
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges, and HARPOOL, District Judge***

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri, sitting by designation.

Igor Nikolaychuk[1] was installing tire chains on his work vehicle when he was struck and killed by an underinsured driver. National Casualty Company ("NCC"), the vehicle's insurer, appeals the district court's rulings that (1) Nikolaychuk was "occupying" the vehicle under the policy when the accident occurred, and (2) RMI Transport LLC ("RMI"), the policyholder, did not properly elect to reduce the policy's uninsured and underinsured motorist ("UM/UIM") coverage limit. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Nikolaychuk was "occupying" the vehicle. The policy defines "occupancy" as "in, upon, getting in, on, out or off," and Oregon law defines "occupying" as "in or upon or entering into or alighting from." Or. Rev. Stat. § 742.504(2)(f). "A person is 'upon' the insured car when a part of that person's body is above and rests on a portion of the car." *Marcilionis v. Farmers Ins. Co. of Or.*, 871 P.2d 470, 472 (Or. 1994). So too here. Hands are body parts; tires form a portion of a car; and one's hands inevitably rest on a tire in the process of attaching chains to it. That Nikolaychuk was "upon" the vehicle when he was struck and killed and, therefore, "occupying" the vehicle under the policy, necessarily follows.

A vital omission thwarted RMI's attempt to reduce the policy's UM/UIM coverage limit. To be valid, an election "must" include specific formalities—most

---

[1] Yelena Nikolaychuk filed this lawsuit as administrator of Igor Nikolaychuk's estate.

notably here, a "brief summary" comparing the price of UM/UIM coverage at the default coverage level to that of the lower level requested by the policyholder. Or. Rev. Stat. § 754.502(2)(b). RMI's apparent desire to reduce its UM/UIM coverage does not dispense with this requirement. Far from it. The statute's mandatory language "demonstrates the legislature's intent that the formalities are a condition of a valid election: 'Unless' the named insured signs a written election containing the required formalities, then the 'policy shall have the same limits for uninsured motorist coverage as for bodily injury liability coverage.'" *Ajir v. Buell*, 348 P.3d 320, 323 (Or. Ct. App. 2015). We are bound by this holding. *See Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1266 (9th Cir. 2017) ("In the absence of any decision on this issue from the [Oregon] Supreme Court, we are bound by [*Ajir*], as the ruling of the highest state court issued to date."). Thus, irrespective of RMI's intent, no valid election occurred. *See Ajir*, 348 P.2d at 324 (disregarding absurd result maxim where legislative intent is clear from statutory text).[2]

**AFFIRMED.**

---

[2] Though its formalities "serve to demonstrate a deliberate and informed choice to reject UM/UIM limits equal to liability limits," *Ajir*, 348 P.2d at 324 n.5, § 742.502(2)(b) makes no exception for technically deficient elections where a policyholder's intent is otherwise apparent, *id.* at 324.