Argued March 30, affirmed April 15, 1964

# STATE HIGHWAY COMMISSION *v.* NUNES ET AL

391 P. 2d 381

*J. Robert Patterson,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, Salem, and L. I. Lindas, Assistant Attorney General and Chief Counsel for Oregon State Highway Commission, Salem.

*Stanley C. Jones, Jr.* and *Joel B. Reeder,* Medford, argued the cause for respondents. On the brief were Jones and Reeder.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, DENECKE and LUSK, Justices.

PER CURIAM.

This is an action to acquire defendants' land by condemnation for highway purposes. Plaintiff, the State of Oregon, appeals from a judgment entered on a verdict for defendants in the amount of $52,130.

This is the second time this case has come to us on appeal. On the first appeal we reversed on the ground that error was committed when defendants' witnesses were permitted to base their opinions as to the value of defendants' property solely upon multiplication of the estimated quantity of gravel and top soil in defendants' land by the unit price of such materials. *Highway Comm. v. Nunes et al,* 233 Or 547, 379 P2d 579 (1963).

In the present appeal plaintiff contends that upon retrial of the cause defendants' witnesses failed

to properly employ the capitalization method in arriving at their estimate. We do not agree. The record discloses that defendants' witnesses took into consideration the factors essential to the proper use of the capitalization method.

■ Error is also assigned on the ground that on rebuttal Mr. Bartholomew, one of defendants' witnesses, was permitted to testify, over objection, as to the sale price of two parcels of comparable property in the area. The parcels had been sold to Peter Kiewit & Sons. It is contended that it was error to permit this testimony on rebuttal and further that the testimony was objectionable because the witness had used the capitalization method and not the market data approach in making his estimate. One of plaintiff's witnesses had made his estimate of value upon the basis of comparable sales in the area, four of these sales having been made to Peter Kiewit & Sons. The trial court held that inasmuch as plaintiff's witness had utilized four of the sales in arriving at his opinion of value, it would be unfair to exclude evidence of the other two sales to the same purchaser. We agree.

■ Plaintiff also argues that since the two parcels were sold on a royalty basis without obligation on the part of the purchaser to take any of the materials, the price paid for the materials cannot be used as the market price of the land. We do not find evidence in the record showing that the sale of the two parcels was made on the basis described by plaintiff. Bartholomew testified that the purchase price for the parcels was a certain amount. In the absence of evidence to the contrary we must assume that this was the sale price.

■ Defendants were allowed $15,500 as attorney's

fees. ORS 366.380 (9) provides for the awarding of reasonable attorney's fees in condemnation cases. Plaintiff argues that there was no substantial competent evidence to support such an award. Four eminent members of the Jackson County Bar regarded as reasonable an attorney's fee in an amount in excess of that awarded by the trial court. There was, therefore, substantial evidence to support the award. But plaintiff argues that the term "reasonable attorney's fees" as used in ORS 366.380 (9) should be construed to have a different meaning than that term has when used in connection with "ordinary" litigation between two individuals, i.e., where the state is not a party. We find no basis for making this interpretation of the statute.

The judgment is affirmed.