Argued January 25, affirmed February 19, 1974

# URBAN RENEWAL AGENCY OF THE CITY OF SALEM, *Appellant, v.* STARR FOODS, INC., *Respondent/Cross-Appellant,* LAWRENCE WAREHOUSE COMPANY ET AL, *Defendants.*

519 P2d 101

*William G. Paulus,* Salem, argued the cause for appellant. With him on the briefs were Paulus & Callaghan, Salem.

*George A. Rhoten,* Salem, argued the cause for respondent/cross-appellant. With him on the brief were Sam F. Speerstra, A. B. Cummins, Jr., and Rhoten, Rhoten & Speerstra, Salem.

Before SCHWAB, Chief Judge, and FORT and TANZER, Judges.

TANZER, J.

This is an appeal in a condemnation case challenging the amount of the attorney fee awarded to defendant Starr Foods, Inc. pursuant to ORS 35.345.[1]

---

[1] ORS 35.345 provides for payment of reasonable attorney fees:

"The costs and disbursements of the defendant, including a reasonable attorney fee and reasonable expenses as defined in subsection (2) of ORS 35.335 to be fixed by the court, shall be taxed by the clerk and recovered from the condemner unless the condemner tendered the defendant, before commencing the action, an amount equal to or greater than that assessed by the jury, in which case the condemner shall recover his costs and disbursements from the defendant but

Defendant cross-appeals on the issue of certain witness fees denied it by the trial court.

Plaintiff is the condemner of certain property in Salem on which was located defendant's cannery. Plaintiff offered $223,420 for the property and alleged in its complaint that the value of the property was the same. The trial lasted 16 days. The primary issue at the trial was whether certain equipment in the cannery should be considered as part of the condemned real estate, and what its value was. The court determined the total value of the condemned property to be $466,-552.50, or $243,132.50 more than plaintiff's higher offer.[2] No appeal has been taken from this portion of the judgment.

At a subsequent hearing on the question of defendant's attorney fees, one of defendant's attorneys testified that he could submit records which would show over 160 hours of preparation time. In addition, two defense attorneys were present during the 16 days of trial. The only other evidence submitted concerning the reasonable value of the attorneys' services was the testimony of three attorneys who gave their opinions as to what the fee should be. Their opinions ranged from $75,000 to $96,017.50. The attorneys used as a guideline the suggested fee in the schedule provided by the Oregon State Bar, that is, one-third of the excess of the verdict over the offer by the plaintiff. Plaintiff

not including an attorney fee or expenses as defined in subsection (2) of ORS 35.335."

[2] Near the end of the trial plaintiff amended its complaint to allege a value of $178,500. In the trial court and here, argument was based on the $223,420 figure rather than the amended figure of $178,500. Defendant makes no claim that we should look to the lower figure to calculate the excess, but argues that the award is all the more reasonable in light of the lower offer of the amended complaint.

did not offer any evidence in rebuttal. The court awarded a fee of $72,000 to defendant's attorneys.

The Supreme Court in *Newbern v. Gas-Ice Corporation,* 263 Or 250, 258, 501 P2d 1294 (1972), held that in determining a proper attorney fee, the court should consider

"* * * the difficulty and complexity of the issues involved * * *, the value of the interests involved, the result secured, the skill and eminence of opposing counsel, and the professional standing of counsel for [defendant], as well as the estimate by [defendant's] counsel of the amount of time devoted by them to this case * * *."

■ ■ Unlike suits in equity where we are free to modify attorney fees which we regard as immoderate, *cf. Colbath and Colbath,* 15 Or App 568, 516 P2d 763 (1973), this is an action at law. The trial court's finding as to attorney fees, if based on the *Newbern* standards, "have the same force and effect as a jury verdict and may be set aside only if they are not supported by any substantial, competent evidence." *Highway Com. v. Zachary,* 230 Or 381, 383, 370 P2d 237 (1962).

■ In its letter opinion, the trial court quoted the passage from *Newbern* set out above, and then stated:

"Applying each of these factors, counsel for defendants would be entitled to liberal remuneration. The Court notes that substantial legal issues and values were involved in this proceeding, the result was of great benefit to defendant, the skill and eminence of plaintiff's counsel and the professional standing of defense counsel are unquestioned.

"While this Court is not satisfied that an arbitrary measure of one-third of the excess is the appropriate standard in determining compensation to be set by the Court, it is one guideline to be applied with those previously discussed. In some in-

stances, such an arbitrary percentage would be inadequate and in others, unreasonably generous.

"In this case, substantial sums are involved and the Court does not feel that application of the arbitrary percentage figure is appropriate. On the other hand, because of all the factors mentioned, counsel should reasonably receive substantially more than a per diem litigation and per hour preparation allowance."

It is clear then that the trial court properly considered the factors established by the Supreme Court in determining attorney fees.

■ The testimony of the three lawyers called by defendant, uncontroverted by the plaintiff, was substantial, competent evidence to support the amount found by the trial court. *Highway Commission v. Nunes*, 237 Or 257, 391 P2d 381 (1964).

■ On the cross-appeal, defendant appeals from the reduction in its claimed allowance for witness fees. Two witnesses were in court several days when they did not testify. A third expert who served as a consultant did not testify at all, but was in court 12 days. The trial court disallowed fees for these experts for the days they were in court but did not testify on the ground that defendant did not prove the necessity of their presence. The assessment of reasonable expenses is also a question of fact for the trial court. In the transcript of the hearing on witness fees, there is evidence which tends to support both sides of this question. The trial judge was familiar with the issues and heard the witnesses. Her finding was supported by substantial, competent evidence. We therefore affirm the judgment as to witness fees.

Affirmed.