On appellant's petition for reconsideration filed February 7, reconsideration allowed; former opinion (100 Or App 79, 784 P2d 1112) adhered to March 21, 1990

# EMERALD PEOPLE'S UTILITY DISTRICT,
*Appellant,*

*v.*

# PACIFICORP,
dba Pacific Power & Light Company,
*Respondent,*

*and*

# PUBLIC UTILITY COMMISSION OF OREGON,
*Intervenor-Respondent.*

(L87-1282; CA A49816)

788 P2d 1034

Donald R. Stark, John Dudrey, Williams, Fredrickson, Stark & Weisensee, Portland, Arthur C. Johnson, Richard L. Larson, Don Corson and Johnson, Clifton, Larson & Bolin, Eugene, for petition.

Charles F. Hinkle, Gregory R. Mowe and Stoel, Rives, Boley, Jones & Gray, Portland, for respondent.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, W. Benny Won, Assistant Attorney General, and Paul A. Graham, Assistant Attorney General, Salem, for intervenor-respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

**NEWMAN, J.**

Plaintiff petitions for Supreme Court review and, thereby, for our reconsideration of our opinion. ORAP 9.15. We allow reconsideration to address one of plaintiff's arguments, and we adhere to our opinion.

The trial and appeal in this case turned largely on defendant's presentation of economic evidence and plaintiff's contentions that the economic effects of its taking decision fell outside the range of judicial inquiry. Plaintiff asserts that our interpretation of ORS 35.235(2) establishes a general rule that economic considerations are the sole determinant of whether a condemnation is "most compatible with the greatest public good and least private injury." Plaintiff maintains that, to pass the statutory test as we have construed it, a proposed condemnation

> "must yield a public benefit that exceeds, in dollar terms, the harm, in dollar terms, to the condemnee. * * * [E]conomics may be a relevant factor, but nothing in the statute, much less its legislative history, even suggests that economics must be the only factor, as the Court of Appeals said."

We did not suggest that *only* economic considerations can ever be relevant to the determination of compatibility with the greatest public good and the least private injury. We did not say that non-economic factors could never be considered or could never outweigh the harmful economic effects of a proposed taking. Rather, we responded to *plaintiff's* arguments that the courts can never consider economic factors in applying the statutory test. We also rejected the specific non-economic factor that plaintiff asserted justified the proposed taking, notwithstanding its economic effects. *See* 100 Or App at 87. Plaintiff misreads our rejection of its arguments as establishing a general principle that we did not state.

Reconsideration allowed; former opinion adhered to.