Argued and submitted September 26, affirmed December 5, 1990, reconsideration denied January 30, petition for review denied March 19, 1991 (311 Or 222)

EMERALD PEOPLE'S UTILITY DISTRICT,
*Appellant,*

*v.*

PACIFICORP,
dba Pacific Power & Light Company,
*Respondent,*

*and*

PUBLIC UTILITY COMMISSION
OF OREGON,
*Respondent.*

(L87-1282; CA A61887)

801 P2d 141

Douglas G. Schaller, Eugene, argued the cause for appellant. With him on the briefs were Arthur C. Johnson, Richard L. Larson and Johnson, Clifton, Larson & Bolin,

Eugene, and Donald R. Stark, Barry L. Adamson and Williams, Fredrickson, Stark and Weisensee, Portland.

Charles F. Hinkle, Portland, argued the cause for respondent Pacificorp. With him on the brief were Gregory R. Mowe, Jacklyn M. Bartruff and Stoel Rives Boley Jones & Grey, Portland.

W. Benny Won, Assistant Attorney General, Salem, waived appearance for respondent Public Utility Commission of Oregon.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals from the judgment awarding costs, disbursements, attorney fees and expert expenses to defendant Pacificorp in this condemnation action.[1]

Defendant raised defenses against the proposed taking. Consequently, the trial court bifurcated the case into a trial to consider those defenses, to be followed, if necessary, by a trial to determine the value of the property. Because defendant prevailed on its defenses, the valuation question was not reached.

■ Plaintiff first contends that the trial court erred by awarding certain expenses to defendant that it incurred for the services of experts and appraisers in connection with the valuation of the property. ORS 35.335 provides, in relevant part:

> "(1) If an action is abandoned by the condemner, the court shall enter judgment in favor of the defendant for costs and disbursements in the action and for reasonable attorney fees and reasonable expenses as determined by the court.
>
> "(2) Expenses mean costs of appraisals and fees for experts incurred in preparing and conducting the defense to the action."[2]

Plaintiff asserts that many of the valuation expenses were unreasonable, because the bifurcation of the proceedings made it possible for defendant to defer the services until it was known whether the valuation issue would need to be litigated. Plaintiff does not argue, nor would we agree, that there can be no recovery, as a matter of law, for valuation and appraisal expenses that are incurred in a condemnation case when the issue of value is not ultimately litigated. ORS 35.335(2) provides for recovery of reasonable fees and expenses in connection with the *preparation* and conduct of the defense. However, plaintiff argues that the greater part of the expenses

---

[1] We affirmed the judgment on the merits in *Emerald PUD v. Pacificorp,* 100 Or App 79, 784 P2d 1112, *adhered to* 101 Or App 48, 788 P2d 1034, *rev den* 310 Or 121 (1990).

[2] Plaintiff does not question the applicability of the statute and, therefore, we do not address that issue.

were not reasonable, because the bifurcation of the proceedings enabled defendant to await the outcome of the first phase before incurring them.

Plaintiff relies on *Urban Renewal v. Starr Foods, Inc.,* 16 Or App 475, 519 P2d 101 (1974), where we affirmed the trial court's disallowance of fees that the condemnee claimed for experts who were in the courtroom during trial, but did not testify. Plaintiff views this situation as analogous. However, contrary to plaintiff's apparent understanding, *Starr Foods* does not articulate a substantive standard of reasonableness. Rather, our holding was based on the conclusion that "[t]he assessment of reasonable expenses is * * * a question of fact for the trial court" and that the court's finding "was supported by substantial, competent evidence." 16 Or App at 479. Here, too, there was evidence to support findings that all of the challenged expenses were reasonable.

■　　　　Plaintiff also contends that the court erred by allowing defendant to recover fees for attorneys and experts in connection with the preparation of and presentation on defendant's petition for fees. According to plaintiff, the award of "fees for recovering fees" was not permissible, because the process of recovering fees is not part of the "prosecution of an action." We said in *Johnson v. Jeppe,* 77 Or App 685, 688, 713 P2d 1090 (1986):

> "The enforcement of a judgment and final collection of money due are 'legal services related to the prosecution or defense of an action' and may be considered in awarding attorney fees [under ORCP 68]."

*See also Marquez v. Meyers,* 96 Or App 214, 772 P2d 437 (1989). Similarly, the recovery of attorney fees, costs and expenses to which a prevailing party is entitled by statute is related to the prosecution or defense of the action. As much as the collection of a judgment, the recovery of those items is an entitlement that the statute confers on the party as an incident of the action. The court did not err by awarding the fees for services provided in conjunction with the recovery of the underlying fees.

Plaintiff's remaining arguments require no discussion.

Affirmed.