Submitted on record and briefs February 4, vacated and remanded April 13, 2005

In the Matter of the Domestic Partnership of

Donna L. BARTRUFF,
*Appellant,*

*and*

Robert H. THOMAS,
*Respondent.*

01C-33624; A125666

110 P3d 127

Barry Adamson filed the brief for appellant.

Robert H. Thomas filed the brief *pro se.*

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

WOLLHEIM, J.

## WOLLHEIM, J.

█ In this dissolution of a domestic partnership, petitioner appeals from a supplemental judgment awarding respondent attorney fees and costs of $23,288.50. We reverse and remand the award of attorney fees and the award of costs.

In a letter opinion on the merits, the trial court awarded respondent attorney fees and costs and allowed him to submit a claim for attorney fees pursuant to ORCP 68. Respondent's statement for attorney fees cited ORCP 68, ORCP 70 (2001), ORS 20.105, and ORS 33.105(1)(e) as authorizing an award of attorney fees. Petitioner filed an objection and filed a request for findings and conclusions pursuant to ORCP 68 C(4)(e). Also in a letter opinion, the trial court awarded respondent attorney fees and costs; however, the trial court did not give an explanation for its decision, nor did it prepare findings and conclusions under ORCP 68 C(4)(e), as petitioner requested.

█ As a general rule, a party in a dissolution of a domestic partnership is not entitled to an award of attorney fees because there is no specific statutory authorization. *Stufflebean v. Brown,* 147 Or App 347, 349, 935 P2d 482 (1997). Neither ORCP 68 nor ORCP 70 (2001) provides substantive statutory authority to award attorney fees. Although the trial court had issued a contempt order in the case, ORS 33.105(1)(e) does not apply because the trial court vacated that order. Thus, the only *possible* statute authorizing attorney fees in this proceeding is ORS 20.105(1), which provides, in part:

> "In any civil action, suit or other proceeding in a circuit court * * *, the court shall award reasonable attorney fees to a party against whom a claim * * * is asserted, if that party is a prevailing party in the proceeding * * * upon a finding by the court that the [other] party willfully disobeyed a court order or that there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

Because the trial court failed to make findings and conclusions, even though requested by petitioner, we cannot

tell if the trial court was relying on ORS 20.105(1) when it awarded attorney fees. We are unable to review the award of attorney fees and must remand this case to the trial court to make the requested findings. For the same reason, we remand this case to the trial court to make the requested findings concerning the award of costs.

Vacated and remanded.