Argued and submitted May 12, 2015, affirmed April 13, petition for review allowed October 20, 2016 (360 Or 465)

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT OF OREGON,
an Oregon municipal corporation,
*Plaintiff-Appellant,*

*v.*

Joseph Y. AIZAWA, et al.,
*Defendants,*

*and*

Deborah L. NOBLE-IRONS,
nka Deborah L. Noble,
*Defendant-Respondent.*

Multnomah County Circuit Court
110810129; A155714

371 P3d 1250

Keith M. Garza argued the cause for appellant. With him on the briefs were Law Office of Keith M. Garza and Erik Van Hagen.

Joshua D. Stadtler argued the cause for respondent. With him on the brief were Brian R. Talcott and Dunn Carney Allen Higgins & Tongue LLP.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

TOOKEY, J.

**TOOKEY, J.**

In this condemnation action, plaintiff, Tri-County Metropolitan Transportation District of Oregon (TriMet), appeals from a second supplemental judgment awarding defendant, Deborah Noble, an additional $9,537.28 in attorney fees after the trial court had already entered a supplemental judgment awarding her $13,796.33 in attorney fees. The parties dispute whether ORS 35.300(2) precluded the trial court from awarding defendant "fees on fees" when she petitioned for attorney fees under ORCP 68, that is, additional attorney fees incurred by her as a result of litigating her entitlement to attorney fees that were incurred before the service of the offer of compromise under ORS 35.300(2). We conclude that ORS 35.300(2) authorizes a trial court to award a defendant attorney fees that it determines were incurred before service of the offer of compromise. ORCP 68, in turn, allows "fees on fees" as part of "the reasonable value of legal services related to the prosecution or defense of an action," and ORS 35.300(2) does not preclude the application of ORCP 68. Therefore, we affirm.

Before setting forth the facts, the parties' arguments, and the trial court's ruling, we provide, as background, a brief overview of the condemnation statutes and the rules of civil procedure that are central to the dispute in this case. ORS 35.300 governs the different types of offers of compromise that a condemning authority can serve on a property owner after filing a condemnation action. It also authorizes an award of attorney fees. ORS 35.300(2) provides:

> "If an offer of compromise under this section does not specifically include amounts for costs and disbursements, attorney fees and expenses, upon acceptance of the offer the court shall give judgment to the defendant for the amount offered as just compensation for the property and as compensable damages to remaining property of the defendant and, in addition, for costs and disbursements, attorney fees and expenses that are determined by the court to have been incurred before service of the offer on the defendant."

ORCP 68 is the procedural "mechanism for awarding attorney fees pursuant to * * * most statutes." *Johnson v.*

*Jeppe*, 77 Or App 685, 688, 713 P2d 1090 (1986). ORCP 68 A(1) defines attorney fees as "the reasonable value of legal services related to the prosecution or defense of an action."

We now turn to the facts of this case. This case arises out of TriMet's construction of the Portland-Milwaukie Light Rail Project. As part of that project, TriMet determined it was necessary and in the public interest to acquire part of the common area of the American Plaza Condominium development, located at 2211 SW 1st Avenue, Portland, Oregon. TriMet initiated a condemnation action in which Noble and more than 60 others with ownership interests in an American Plaza Condominium unit or units were named in TriMet's complaint as defendants. TriMet alleged in its complaint that Noble was entitled to $1,040 for her fractional interest in the real property. Noble filed an answer denying TriMet's estimated value of her fractional interest, contending that the true value of the property, together with the damage to the remaining property, was greater than TriMet alleged in its complaint. Additionally, Noble pleaded her entitlement to attorney fees pursuant to ORS 35.300.

After some negotiation, TriMet served an offer of compromise on Noble for $22,000 in compensation, plus an unspecified amount of attorney fees. That offer provided:

"Pursuant to ORS 35.300, plaintiff offers defendant Deborah L. Noble-Irons the amount of $22,000 for just compensation for the property described in the Complaint and any compensable damages to the remaining property of defendant. This offer does not include any amount for costs and disbursements, attorney fees, and expenses. If the offer is accepted, recoverable costs and disbursements, attorney fees and expenses shall be awarded pursuant to ORS 35.300(2)."

Noble accepted the offer. Subsequently, the parties executed and filed with the trial court a stipulated judgment granting the condemnation, awarding possession of the property to TriMet, awarding Noble $22,000 in just compensation, and allowing Noble to file a petition for attorney fees "pursuant to ORCP 68 and ORS 35.300." The trial court entered the stipulated judgment.

Noble filed a statement for attorney fees pursuant to ORCP 68 C(4) for all of the attorney fees she incurred before the service of the offer of compromise. Additionally, Noble filed first and second supplemental statements for attorney fees under ORCP 68 that she incurred for work done by her attorney after the service of the offer to litigate her entitlement to the preoffer attorney fees. TriMet filed an objection, pursuant to ORCP 68 C(4)(b), to the initial statement, and the first and second supplemental statements, for attorney fees and requested oral argument. Noble responded, pursuant to ORCP 68 C(4)(c), by filing a written response to TriMet's objection. The parties did not agree whether ORS 35.300(2) precluded the court from awarding Noble fees on fees. TriMet contended that ORS 35.300 placed a strict temporal limitation on the award of fees to those that were incurred before service of the offer. Noble contended that ORCP 68 authorized fees on fees as legal services related to the defense of the underlying condemnation action, and that ORS 35.300(2) did not preclude the court from awarding Noble fees on fees. After oral argument, the trial court ruled from the bench in Noble's favor and awarded her the preoffer fees and the fees on fees she had requested. The trial court stated:

> "My reasoning, ultimately, is that I don't think the language of the statute[, ORS 35.300,] that is relied on by [TriMet] was intended to apply under the circumstances that we're talking about. It determines ultimately what fees you recover in terms of the prosecution of the action, and that's why [Noble] ha[s] waived [her] right to recover anything after that.

> "But, then in terms of recovering those fees, I think that the case law clearly directs me in the Defense's favor, and that you are entitled to fees on fees. Frankly, from a public policy perspective, which isn't the only basis for my decision, otherwise any time the condemner wanted to, they could put the other side to the test and make them incur fees in seeking to obtain their fees.

> "So, for those reasons, I find in favor of the defendant. *** The only fees that are recoverable are those fees that were incurred in recovering the fees in this proceeding today, in addition to the ones that were incurred prior to the date that the offer was served."

Subsequently, the trial court entered a supplemental judgment in Noble's favor awarding her $13,796.33 in attorney fees, legal costs, and disbursements that were incurred before the service of the offer of compromise. Additionally, the trial court entered a second supplemental judgment in Noble's favor awarding her $9,537.28 in attorney fees, legal costs, and disbursements that were incurred as a result of Noble litigating her entitlement to the preoffer attorney fees. After TriMet requested a written decision, the trial court memorialized its ruling in a letter to the parties. That letter provides, in part:

> "The legislature clearly contemplated that Defendant's fees would be recovered pursuant to ORCP 68 because ORS 35.300(2) says that the fees are to be 'determined by the court,' which can only be done pursuant to ORCP 68. *See* ORCP 68 C(1). Longstanding precedent has interpreted ORCP 68 to allow for the recovery of fees incurred as part of the fee petition process, so called 'fees on fees.' *Crandon Capital Partners v. Shelk*, 219 Or App 16, 42-43, [181] P3d [773], *rev den*, 345 Or 158 (2008). Therefore, the recovery of such fees was implicitly contemplated in the crafting of ORS 35.300."

On appeal, TriMet assigns error to the trial court's entry of a second supplemental judgment awarding Noble fees on fees, arguing that ORS 35.300(2) authorizes the court to award only the fees incurred before the service of the offer of compromise. Noble responds, contending that, when a condemning authority makes an offer of compromise to a property owner pursuant to ORS 35.300(2), and that offer requires the property owner to utilize the ORCP 68 procedure to recover attorney fees, the property owner is entitled to recover fees on fees incurred as part of the ORCP 68 fee recovery process.

Accordingly, the issue on appeal is whether the trial court erred when it concluded that defendant was entitled to recover fees on fees when defendant petitioned for attorney fees under ORCP 68. That ruling involves an issue of statutory interpretation—whether ORS 35.300(2) precludes the "fees on fees" otherwise recoverable under ORCP 68—which we review for legal error. *State v. Thompson*, 328 Or 248, 256, 971 P2d 879, *cert den*, 527 US 1042 (1999) ("A

trial court's interpretation of a statute is reviewed for legal error.").

We start with a review of the process for obtaining attorney fees under ORCP 68. ORCP 68 is procedural in nature; it does not, as a rule, operate as an independent source of substantive authority for an award of attorney fees. *See Bartruff and Thomas*, 199 Or App 86, 88, 110 P3d 127 (2005) ("Neither ORCP 68 nor ORCP 70 (2001) provides substantive statutory authority to award attorney fees."); *Montara Owners Assn. v. La Noue Development, LLC*, 357 Or 333, 359, 353 P3d 563 (2015) ("'[T]he rule simply provides a procedure for assessing such fees no matter what source is relied upon as providing the right to such fees.'" (Quoting Counsel on Court Procedures, Oregon Rules of Civil Procedure and Amendments, Rule 68 comment at 21 (Dec 13, 1980).)); ORCP 68 C(1) ("Notwithstanding Rule 1 A and the procedure provided in any rule or statute permitting recovery of attorney fees in a particular case, this section governs the pleading, proof, and award of attorney fees in all cases, regardless of the right to recover such fees[.]").

We have recognized a limited exception to the general rule that ORCP 68 does not operate as an independent source of substantive authority for an award of attorney fees. When a source of law independent from ORCP 68 authorizes a party to recover attorney fees, and ORCP 68 applies to the case, we have construed ORCP 68 to provide substantive authority for an award of the attorney fees incurred in seeking to recover attorney fees that the party is already entitled to. When ORCP 68 applies,[1] our precedent instructs us that "the recovery of attorney fees, costs, and expenses to which a prevailing party is entitled by statute is related to the prosecution or defense of the action. As much as the collection of judgment, the recovery of those items is an

---

[1] ORCP 68 C(1) sets forth three exceptions to the application of ORCP 68. First, ORCP 68 C(1)(a) makes the ORCP 68 attorney fee recovery process inapplicable when "[s]uch items are claimed as damages arising prior to the action." Second, ORCP 68 C(1)(b) makes the ORCP 68 attorney fee recovery process inapplicable when "such items are granted by order, rather than entered as part of a judgment[.]" Third, ORCP 68 C(1)(c) makes the ORCP 68 attorney fee recovery process inapplicable when "[a] statute *** refers to this rule but provides for a procedure that varies from the procedure specified in this rule." None of those exceptions are applicable in this case.

entitlement that the statute confers on the party as an incident of the action." *Emerald PUD v. Pacificorp*, 104 Or App 504, 507, 801 P2d 141 (1990), *rev den*, 311 Or 222 (1991); *see also Norris v. R & T Manufacturing, LLC*, 266 Or App 123, 126, 338 P3d 717 (2014), *rev den*, 357 Or 111 (2015) ("[F]ees incurred in the collection of a judgment on a claim for which attorney fees are available are encompassed within 'attorney fees,' as defined in ORCP 68 A(1) as fees 'related to the prosecution or defense of an action.'"); *Strawn v. Farmers Ins. Co.*, 233 Or App 401, 425, 226 P3d 86 (2010), *rev'd on other grounds*, 350 Or 336, 258 P3d 1199 (2011) ("[T]he process of recovering fees [i]s properly considered part of the 'prosecution [or defense] of an action' for purposes of a fee petition under ORCP 68."); *Crandon Capital Partners*, 219 Or App at 42 ("[T]here is longstanding precedent in Oregon that a party may recover its attorney fees incurred as part of the fee application and litigation process."); *Holder v. Elg*, 151 Or App 329, 332-33, 948 P2d 763 (1997) (recognizing a party's right "to receive post-judgment fees for collection when the original judgment awarded that party attorney fees"); *Johnson*, 77 Or App at 688 ("The enforcement of a judgment and final collection of money due are 'legal services related to the prosecution or defense of an action'" that may be considered by the trial court in awarding attorney fees under ORCP 68 (quoting ORCP 68 A(1))). Thus, our longstanding precedent has construed ORCP 68 to operate as an independent source of authority for an award of "fees on fees." As our decision in *Crandon* illustrates, that is so even where the source of law authorizing the recovery of fees does not itself authorize an award of attorney fees incurred in seeking attorney fees. 219 Or App 16.

In *Crandon*—a shareholder derivative action—the source of law authorizing the plaintiffs to recover their attorney fees was the common law equitable "substantial benefit" doctrine, which authorizes recovery of attorney fees incurred up until the time that the litigation achieves the desired benefit. *Id.* at 42. The substantial benefit doctrine did not provide for recovery of attorney fees incurred after the litigation achieved its beneficial result, the rationale being that fees incurred after that point in time were for the benefit of counsel, and not for the benefit of shareholders.

*Id.* As a consequence, the substantial benefit doctrine did not authorize the recovery of attorney fees incurred in the subsequent process of petitioning for fees. *Id.* We concluded that, regardless of whether the substantial benefit doctrine itself would authorize an award of fees on fees, the plaintiffs nonetheless were entitled to recover them under ORCP 68 and "the doctrine of stare decisis." *Id.* Specifically, we reasoned that it did not matter whether the substantial benefit doctrine authorized the recovery of fees on fees because ORCP 68, as we had construed it in a long line of cases, independently authorized the plaintiffs to recover the fees that they incurred in seeking the fees to which they were otherwise entitled under the substantial benefit doctrine. *Id.* at 42-43.

As set forth above, TriMet argues that ORS 35.300(2) places a strict temporal limitation on the recovery of attorney fees and, thus, ORS 35.300(2) only authorizes the court to award fees incurred before the service of the offer of compromise. "We ascertain the legislature's intentions by examining the text of the statute in its context, along with any relevant legislative history, and, if necessary, canons of construction." *State v. Cloutier,* 351 Or 68, 75, 261 P3d 1234 (2011) (citing *State v. Gaines,* 346 Or 160, 171-73, 206 P3d 1042 (2009)). As noted above, ORS 35.300(2) provides, in part:

> "If an offer of compromise under this section does not specifically include amounts for costs and disbursements, attorney fees and expenses, upon acceptance of the offer the court shall give judgment to the defendant * * * for costs and disbursements, attorney fees and expenses that are determined by the court to have been incurred before service of the offer on the defendant."

When an offer of compromise does not specifically include an amount for attorney fees, and the defendant accepts the offer of compromise, the text of ORS 35.300(2) directs the trial court to determine what attorney fees were "incurred before service of the offer on the defendant." Like the substantial benefit doctrine in *Crandon,* the text of ORS 35.300(2) authorizes the recovery of attorney fees up until a certain time, but does not expressly preclude a court from awarding fees on fees under ORCP 68. TriMet's

argument, that the express authorization to award defendant attorney fees incurred before the offer should operate as an implicit preclusion of fees on fees, is a classic *expressio unius est exclusio alterius* argument. *See Colby v. Gunson*, 224 Or App 666, 671, 199 P3d 350 (2008) (*expressio unius est exclusio alterius* is a maxim of statutory construction that means "the expression of one is the exclusion of others"). Although an authorization in a statute is sometimes read as a limitation if the context suggests that statutory intent, we have disavowed that maxim as a primary rule of statutory construction. *Id.* ("[T]he *expressio unius* guide to legislative intent corroborates, rather than supplies, meaning to a statute.") In this case, there is nothing in the context of ORS 35.300(2) to suggest that ORS 35.300(2) precludes fees on fees and, thus, it would not be appropriate to presume that preclusive effect from the text of ORS 35.300(2) alone.

In fact, the context of ORS 35.300(2) confirms that it does not limit the court's authority to award fees on fees under ORCP 68. Under ORS 35.300, the condemning authority has other options with regard to an offer of compromise in a condemnation action. The condemning authority can either offer only an amount for just compensation and compensable damages (as TriMet did in this case under ORS 35.300(2)), or it can offer an amount for just compensation and compensable damages that includes an amount for attorney fees and expenses. ORS 35.300(1).

If the condemning authority serves an offer of compromise that includes amounts for attorney fees and expenses, the property owner has choices. The property owner can accept the offer in its entirety. ORS 35.300(3). Alternatively, the property owner has the option to accept only the portion of the offer identified as just compensation for the property and as compensable damages to the remaining property. *Id.* If the property owner chooses that option, the property owner is "entitled to an award for costs and disbursements, attorney fees and expenses incurred by the defendant before the service of the offer," and "[t]he court shall determine the amount of costs and disbursements, attorney fees and expenses to be awarded to the defendant after acceptance of the offer is filed under subsection (1) of this section." *Id.* Thus, like ORS 35.300(2), ORS 35.300(3)

does not affirmatively preclude the court from entering a judgment that includes fees on fees—it simply allows a trial court to award a defendant who accepts only the portion of the offer identified as just compensation and compensable damages attorney fees that are incurred before service of the offer on the defendant. *Id.* The court determines the amount after acceptance of the offer is filed. *Id.*

The property owner also has the option to refuse an offer of compromise in its entirety. ORS 35.300(4). ORS 35.300(4) provides, in part, "If the defendant fails to obtain a judgment more favorable than the offer * * * the defendant *may not* recover prevailing party fees or costs and disbursements, attorney fees and expenses that were incurred on and after the service of the offer[.]" ORS 35.300(4)(a) (emphasis added); *see Washington County v. Querbach,* 275 Or App 897, 917-18, 366 P3d 390 (2015) (holding that, under ORS 35.300(4), "the trial court erred by awarding attorney fees, expenses, and costs that [the] defendant incurred upon and after the service of the offer of compromise").

Thus, the only context in which ORS 35.300 expressly precludes a property owner from recovering any attorney fees incurred on and after the service of the offer is under ORS 35.300(4), when the property owner refuses an offer in its entirety and fails to obtain a judgment more favorable than the offer. We are reluctant to supply the explicit preclusion of post-offer fees under ORS 35.300(4) as an implicit preclusion of those same fees pursuant to ORS 35.300(2). *See Springfield Utility Board v. Emerald PUD,* 339 Or 631, 642, 125 P3d 740 (2005) ("'[U]se of a term in one section and not in another section of the same statute indicates a purposeful omission[.]'" (Quoting *PGE v. Bureau of Labor and Industries,* 317 Or 606, 611, 859 P2d 1143 (1993).)).

In sum, as was the case in *Crandon,* ORS 35.300(2) only provides for an award of fees incurred before a certain time and, as a consequence, does not independently authorize an award of fees subsequently incurred in the pursuit of fees. However, as in *Crandon,* that ultimately does not matter. ORCP 68 authorized defendant to seek, and the trial court to award, the requested "fees on fees" as legal services related to the defense of the underlying condemnation

action. The trial court therefore did not err when it awarded defendant the fees she incurred in petitioning for the fees to which she was entitled under ORS 35.300(2).

Affirmed.