No. 50 October 5, 2017 1

IN THE SUPREME COURT OF THE
STATE OF OREGON

TRI-COUNTY METROPOLITAN
TRANSPORTATION DISTRICT OF OREGON,
an Oregon municipal corporation,
*Petitioner on Review,*

*v.*

Joseph Y. AIZAWA, et al.,
*Defendants,*
*and*

Deborah L. NOBLE-IRONS,
nka Deborah L. Noble,
*Respondent on Review.*

(CC 1108-10129; CA A155714; SC S064112)

On review from the Court of Appeals.*

Argued and submitted March 8, 2017.

Keith M. Garza, Law Office of Keith M. Garza, Oak Grove, argued the cause and filed the brief for petitioner on review. Also on the brief was Erik Van Hagen, Portland.

Joshua D. Stadtler, Dunn Carney Allen Higgins & Tongue LLP, Portland, argued the cause for respondent on review. Brian R. Talcott filed the brief with Joshua D. Stadtler.

Before Balmer, Chief Justice, and Kistler, Walters, Landau, Nakamoto, Flynn, and Duncan, Justices.**

KISTLER, J.

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

_____

\* On appeal from the Multnomah County Circuit Court, Jerry B. Hodson, Judge. 277 Or App 504, 371 P3d 1250 (2016)

\*\* Baldwin, J., retired March 31, 2017, and did not participate in the decision of this case. Brewer, J., retired June 30, 2017, and did not participate in the decision of this case.

**KISTLER, J.**

Ordinarily, a party entitled to recover attorney fees incurred in litigating the merits of a fee-generating claim also may receive attorney fees incurred in determining the amount of the resulting fee award. *See Strawn v. Farmers Ins. Co.*, 353 Or 210, 234, 297 P3d 439 (2013) (awarding so-called "fees on fees" to which no objection was raised); *Crandon Capital Partners v. Shelk*, 219 Or App 16, 42, 181 P3d 773 (2008) (describing that rule as reflecting "long-standing precedent in Oregon"). The question that this case presents is whether the legislature intended to depart from that accepted practice when it authorized property owners to recover their attorney fees in condemnation actions. The trial court ruled that it did not and awarded the property owner in this case the fees that she had incurred both in litigating the merits of the underlying condemnation action and in determining the amount of the fee award. The Court of Appeals affirmed. *TriMet v. Aizawa*, 277 Or App 504, 371 P3d 1250 (2016). We now affirm the Court of Appeals decision and the trial court's judgment.

In the course of constructing the Portland-Milwaukie light-rail line, Tri-County Metropolitan Transportation District of Oregon (TriMet) sought to acquire part of the American Plaza Condominium. Defendant Noble owned a fractional share of that property, for which TriMet initially offered her $1,040. When Noble declined that offer, TriMet filed a condemnation action against her on August 4, 2011, and ultimately increased its offer to $22,000. Approximately a year and a half after TriMet filed this condemnation action, it made a formal "offer of compromise" to Noble, which stated:

> "Pursuant to ORS 35.300, plaintiff [TriMet] offers defendant [Noble] the amount of $22,000 for just compensation for the property described in the Complaint and any compensable damages to the remaining property of defendant. This offer does not include any amount for costs and disbursements, attorney fees, and expenses. If the offer is accepted, recoverable costs and disbursements, attorney fees and expenses shall be awarded pursuant to ORS 35.300(2)."

Noble accepted TriMet's offer, and the parties executed a stipulated judgment, which awarded Noble $22,000 for her property and provided that she could petition for her attorney "fees and costs pursuant to ORCP 68 and ORS 35.300." In petitioning for her fees, Noble sought to recover two related but separate types of fees. First, she sought the pre-offer fees that she had incurred in litigating the fair market value of her property. TriMet agreed that Noble was entitled to those fees pursuant to ORS 35.300(2). Second, Noble sought to recover the post-offer fees that she had incurred in determining the amount of the fee award that she was entitled to receive under ORS 35.300(2). TriMet did not agree that Noble could recover those fees. As noted, the trial court disagreed with TriMet and ruled that Noble could recover both types of fees, as did the Court of Appeals.

On review, TriMet relies primarily on what it views as the "plain text" of ORS 35.300(2) to argue that Noble may not recover any fees that she incurred after TriMet served her with the offer of compromise. Noble, by contrast, relies primarily on the context of that statute and its legislative history. She contends that the text is not as plain as TriMet perceives and that the text, considered in light of the statute's context and legislative history, fits comfortably with established Oregon law, which permits a party to recover not only the attorney fees that it incurred in litigating the merits of a fee-generating claim but also the attorney fees that the party incurred in determining the amount of a reasonable fee award.

In considering the parties' arguments, we first describe the condemnation statutes briefly and then turn to the text, context, and legislative history of the statute at issue here, ORS 35.300. ORS chapter 35 sets out a process for public bodies to follow in condemning private property.[1] At least 40 days before filing an action to condemn private property, a public body must make a written offer to the property owner, which the owner must accept or

---

[1] Statutorily, the power to condemn private property is not limited to public bodies. *See* ORS 35.215(4) (recognizing that a private corporation may have the power to exercise the right of eminent domain). For the purposes of this opinion, we refer only to public bodies (public bodies generally or TriMet specifically) as exercising the right to condemn private property for public use.

reject within a specified period of time. ORS 35.346(1), (4). If the owner rejects the pretrial offer, proceeds to trial, and recovers more than the public body offered, then the owner shall receive, in addition to compensation for the property, the owner's "costs and disbursements including reasonable attorney fees and reasonable expenses." ORS 35.346(7). Conversely, if the owner rejects the public body's pretrial offer and recovers less than that offer, the owner may not recover its costs and fees. *Id*.[2]

ORS 35.300 strikes a middle ground between those two extremes. Subsection (1) of that statute provides that, in addition to making a written offer to a property owner before filing a condemnation action, a public body also may make an "offer of compromise" up to 10 days before trial. ORS 35.300(1). An offer of compromise must identify the amount offered as just compensation for the property[3] and also may include an amount offered for the reasonable costs and fees that the property owner has incurred. *Id*. Subsections (2) through (4) then set out three options for awarding costs and fees, which vary depending on what the public body offered, what the property owner accepted, and how the property owner fared if it rejected the offer and the case went to trial.

The option set out in subsection (2) applies in this case. That subsection provides that, if an owner accepts an offer of compromise that identifies an amount as just compensation but does not include an amount for costs and attorney fees, then:

"the court shall give judgment to the [property owner] for the amount offered as just compensation for the property *** and, in addition, for costs and disbursements, attorney

[2] ORS 35.346(7) does not state that proposition directly. However, it provides that an owner may recover its costs and fees "in the following cases, and no other." It then identifies two instances in which an owner can recover costs and fees: (1) when the owner recovers more than the pretrial offer and (2) when the pretrial written offer was not made in good faith. ORS 35.346(7)(a), (b).

[3] ORS 35.300(1) refers to "the amount offered as just compensation for the property and as compensable damages to the remaining property of the defendant." For ease of reference, we use the phrase "just compensation" to refer to both just compensation and compensable damages to the owner's remaining property.

fees and expenses that are determined by the court to have been incurred before service of the offer on the [owner]."

ORS 35.300(2). In TriMet's view, the text of that subsection is unambiguous. By authorizing recovery of fees "incurred before service of the offer," ORS 35.300(2) precludes an award of any and all fees incurred after that date. Noble takes a different view of the matter. In her view, the fact that ORS 35.300(2) authorizes a limited recovery of one type of fees (pre-offer fees incurred in litigating the merits of a condemnation action) does not mean that the legislature intended to preclude a litigant from recovering a different type of fees (fees incurred in determining the amount of the pre-offer fee award to which the owner is entitled).

The parties' dispute presents an issue of statutory interpretation, which we resolve by considering the text, context, and legislative history of ORS 35.300(2). *State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009) (setting out our methodology for determining the legislature's intent). We begin with the text of ORS 35.300(2).

ORS 35.300(2) is directed at recovering one type of attorney fees—the fees that a property owner incurred in litigating the merits of a condemnation action before the public body served an offer of compromise. By definition, no other type of attorney fees will have been incurred before service of an offer of compromise. It follows that, in specifying that a court shall give judgment for the fees that a property owner incurred before the public body served an offer of compromise, ORS 35.300(2) implies that a court shall not give judgment for post-offer fees incurred in litigating the merits of a condemnation action.

Whether ORS 35.300(2) also precludes recovery of other types of post-offer fees is a question that the text of subsection (2) does not definitively answer. It is possible to read the text of subsection (2) as TriMet does and say that the legislature intended to foreclose the recovery of all categories of post-offer fees. The text of subsection (2), however, lacks words like "only," "all," or "any," which would have made clear that the legislature intended to preclude any and all fees that a property owner incurred after service of

an offer of compromise.[4] It is also possible to read the text of subsection (2) as Noble does and say that authorizing a limited recovery of one type of fees (pre-offer fees incurred in litigating the merits of a condemnation claim) does not preclude recovery of other types of post-offer fees. The text permits either interpretation.

In seeking to determine the legislature's intent, we consider a statute's context as well as its text. *Stevens v. Czerniak*, 336 Or 392, 401, 84 P3d 140 (2004). Context includes the preexisting common law, case law, and statutory framework in which the law was enacted. *Id.* In this case, two contextual sources bear on the meaning of ORS 35.300(2): prior cases interpreting ORCP 68 and the other subsections in ORS 35.300.

ORCP 68 sets out a procedure for recovering attorney fees. ORCP 68 C(4). The rule does not specify when a party may recover fees; however, it defines the term "attorney fees" for the purposes of the rule. ORCP 68 A(1). It provides that "'[a]ttorney fees' are the reasonable value of legal services related to the prosecution or defense of an action." *Id.* The Court of Appeals explained in *Crandon Capital Partners* that "there is longstanding precedent in Oregon [interpreting ORCP 68] that [in addition to recovering fees incurred in litigating the merits of a fee-generating claim,] a party may recover its attorney fees incurred as part of the fee application and litigation process." 219 Or App at 42; *accord Strawn*, 353 Or at 234 (awarding such fees). The basis for those decisions is that the process of recovering "attorney fees to which a *** party is entitled by statute is 'related to the prosecution or defense of the action'" and thus recoverable under ORCP 68. 219 Or App at 43 (quoting ORCP 68 A(1)). TriMet does not contend otherwise. As it acknowledged in its opening brief, "TriMet did not below and does not here challenge the way in which the Court of

---

[4] TriMet's argument that ORS 35.300(2) is unambiguous depends on reading that statute as providing that, if a property owner accepts an offer of compromise, then "the court shall give judgment to the defendant for the amount offered as just compensation *** and, in addition, for [only those] costs and disbursements, attorney fees and expenses that are determined by the court to have been incurred before service of the offer on the defendant." The text lacks the bracketed words that TriMet's interpretation presumes.

Appeals historically has treated the rule: ORCP 68 permits the recovery of fees-on-fees."

In 2009, the legislature enacted ORS 35.300 against the backdrop of that longstanding Oregon precedent. *See* Or Laws 2009, ch 530, § 5 (enacting what is now codified as ORS 35.300); *Crandon Capital Partners*, 219 Or App at 43 (reaffirming that longstanding precedent). Given that context, we think that the question in this case is more properly framed as follows: Does ORS 35.300(2) reflect a legislative intent to preclude a property owner who is entitled to pre-offer fees incurred in defending a condemnation action from recovering post-offer fees incurred in determining the amount of the resulting fee award?

At this stage of the inquiry, our answer to that question is "no." As explained above, the text of ORS 35.300(2) identifies one type of fees that shall be included in a judgment (pre-offer fees incurred in litigating the merits of a condemnation action). It does not provide that only those fees may be included in the judgment, nor does it preclude a property owner from seeking other, related fees that derive from another source, such as ORCP 68. Authorizing an award of pre-offer fees incurred in litigating the merits of a claim does not preclude an award of a different type of post-offer fees that derive from some other source. Viewing the text of ORS 35.300(2) in the context of the attorney-fee cases that preceded it, we think that Noble has the better of the argument.

Another contextual clue points in the same direction: the other subsections in ORS 35.300. As discussed above, subsection (1) of ORS 35.300 provides that an offer of compromise must include an offer of just compensation and may include an offer of costs and attorney fees. Subsections (2) through (4) then set out three options for awarding costs and fees. Subsection (3) adds little to the understanding of subsection (2); the two subsections effectively duplicate each other.[5] Subsection (4), however, sheds more light on the

---

[5] As discussed above, ORS 35.300(2) specifies the costs and fees that a property owner can recover if the owner accepts an offer that includes an amount for just compensation but no amount for costs and fees. Subsection (3) is effectively identical. It specifies the costs and fees that an owner can recover if the offer of compromise contains an amount for just compensation and an amount for costs

issue. That subsection specifies the costs and fees that may be recovered if a property owner does not accept an offer of compromise and fails to obtain a more favorable judgment at trial.

Subsection (4) provides that, if an owner fails to obtain a more favorable judgment than the offer of compromise: (a) the property owner "may not recover prevailing party fees or costs and disbursements, attorney fees and expenses that were incurred *on* or *after* the service of the offer"; (b) "[u]nless the parties agree otherwise, the court shall give judgment to the [property owner] for costs and disbursements, attorney fees and expenses that were incurred by the [property owner] *before* service of the offer"; and (c) the court shall give judgment to the public body for its "costs and disbursements, other than prevailing party fees, incurred by the [public body] *on* and *after* the service of the offer." ORS 35.300(4)(a)-(c) (emphasis added).

Subsection (4) expressly provides that, if an owner rejects an offer of compromise and fails to obtain a more favorable verdict at trial, the court shall award the owner its pre-offer costs and fees, but it shall not award the owner its post-offer costs and fees. If TriMet were correct—if the direction in paragraph (4)(b) to award an owner the fees it incurred in litigating the merits of a condemnation claim before service of an offer of compromise precluded an award of all post-offer fees—then a substantial part of subsection (4) would be surplusage. If TriMet were correct, there would have been no need for the legislature to prohibit, as ORS 35.300(4)(a) does, awarding post-offer costs and fees.[6]

---

and fees, but the owner accepts only the amount offered for just compensation. In both instances, there will be an agreement only as to just compensation, and, in both instances, subsections (2) and (3) provide that the owner shall recover the agreed just compensation and "costs and disbursements, attorney fees and expenses incurred by the [property owner] before service of the offer." ORS 35.300(2), (3).

[6] TriMet argues that ORS 35.300(4)(a) is not completely redundant because it also prohibits awarding the property owner a prevailing party fee. However, most of ORS 35.300(4)(a) is focused on prohibiting post-offer costs and fees, and TriMet never explains how we can agree with its interpretation of ORS 35.300(2) (and by extension 35.300(4)(b)) without rendering large parts of ORS 35.300 (4)(a) redundant.

Given ORS 35.300(4)(a), we cannot read ORS 35.300(4)(b) as broadly as TriMet does. Moreover, ORS 35.300(4)(b) is materially indistinguishable from ORS 35.300(2),[7] and we assume that the legislature intended that both provisions would have the same meaning. *See Figueroa v. BNSF Railway Co.*, 361 Or 142, 159, 390 P3d 1019 (2017) ("Ordinarily, we assume that, when the legislature uses the same terms throughout a statute, those terms have the same meaning."). Put differently, if the other paragraphs of ORS 35.300(4) lead us to conclude, as we do, that ORS 35.300(4)(b) authorizes the recovery of one category of pre-offer costs and fees and does not limit the recovery of all categories of post-offer costs and fees, then it follows that ORS 35.300(2) has the same meaning.

Those contextual sources shed light on the meaning of ORS 35.300(2). Read together, the text and context of ORS 35.300(2) direct a court to award a property owner who accepts an offer of just compensation the reasonable costs and fees that the owner incurred in litigating the merits of the condemnation action before service of the offer. They do not require a court to depart from the customary rule that a party entitled to recover the costs and fees incurred in litigating the merits of a fee-generating claim also may recover the costs and fees reasonably incurred in determining the amount of the resulting fee award.

In addition to considering the text and context, we look to the statute's legislative history for guidance. *See Gaines*, 346 Or at 171-72. What is now codified as ORS 35.300 was enacted in 2009 as part of Senate Bill (SB) 794. Or Laws 2009, ch 530, § 5. As initially proposed, SB 794 was relatively rudimentary. *See* Bill File, SB 794, Jan 26, 2009 (initial draft). It provided for a generic offer of compromise that, if accepted, would result in a judgment. *Id.* § 5(1).[8] It also provided that, if the property owner rejected

---

[7] ORS 35.300(2) differs from ORS 35.300(4)(b) in that, in addition to directing the trial court to include an award of pre-offer costs and fees in the judgment, it directs the trial court to include the amount offered and accepted for just compensation. It also differs in minor details from ORS 35.300(4)(b). However, the two provisions are virtually identical for the purposes of the issue that this case presents.

[8] As initially drafted, the bill referred to an "offer of compromise" without distinguishing, as the legislature later did, between amounts offered for just

the offer and did not "obtain a more favorable judgment than the offer, the [property owner] may not recover prevailing party fees or costs and disbursements, attorney fees or expenses *** that were incurred after the date of the offer." *Id.* § 5(2).

Beyond that, the bill was silent regarding offers of compromise and a property owner's right to recover costs and fees. The bill, as initially drafted, did not specify whether an offer of compromise could include an offer of just compensation without also including an offer of costs and fees. It did not specify what would occur if a property owner accepted an offer of compromise that included only an offer of just compensation. Finally, although the bill specified that a property owner who rejected an offer of compromise and failed to obtain a more favorable verdict could not recover post-offer costs and fees, the bill did not specify whether the property owner could recover pre-offer costs and fees.

Oregonians in Action, a citizens group that advocates for private property rights, raised those concerns about the bill, even before the Senate Judiciary Committee held its first hearing on it. Audio Recording, Senate Judiciary Committee, SB 794, Apr 16, 2009, at 8:10:23 a.m. (testimony of Harry Auerbach), https://olis.leg.state.or.us (accessed Aug 28, 2017). In response, representatives from various public bodies met with representatives from Oregonians in Action and jointly proposed an amendment to the bill. *Id.* The proposed amendment made two changes that are relevant here. *See* Bill File, SB 794 (Apr 30, 2009 amendment). First, it added a subsection to address what would occur if an owner accepted an offer of compromise that included an amount for just compensation but not an amount for the owner's costs and fees. *Id.* Second, it added a subsection to address what would occur if the owner rejected an offer of compromise and failed to obtain a more favorable judgment at trial. *Id.* Both subsections were virtually identical. Each provided, with only minor variation, that whether a property owner accepted or rejected the offer of compromise, the court shall give judgment to the property owner for costs

---

compensation and amounts offered for costs and fees. *See* Bill File, SB 794, Jan 26, 2009, § 5(1) (initial draft).

and disbursements, attorney fees, and expenses that were incurred before the date of the offer. Bill File, SB 794 (Apr 30, 2009 amendment).

Harry Auerbach, a representative from the City of Portland, explained the reason for the proposed amendment. Audio Recording, Senate Judiciary Committee, SB 794, Apr 16, 2009, at 8:10:23 a.m., https://olis.leg.state.or.us (accessed Aug 28, 2017). He told the Senate Judiciary Committee that Oregonians in Action had been concerned that SB 794, as initially drafted, "would have prevented [a] property owner from recovering costs and fees incurred up to the date of [the] offer of compromise." *Id.* He said that that had not been the drafters' understanding or intent. *Id.* He then explained that the amendment was

> "designed to clarify that when the government makes an offer of compromise during the course of the litigation, the owner is entitled to recover costs, expenses, and attorney's fees incurred as of the date of the offer whether the owner accepts the offer or whether the owner rejects the offer."

*Id.* The Committee voted to adopt the proposed amendment to SB 794 and to send the bill, as amended, to the Senate with a do-pass recommendation.

Before the House Judiciary Committee, Auerbach explained that all the participants had recognized that SB 794, as it emerged from the Senate, was a work in progress. Audio Recording, House Judiciary Committee, SB 794, May 19, 2009, at 2:38:02 p.m., https://olis.leg.state.or.us (accessed Aug 28, 2017). Given that recognition, Auerbach and Oregonians in Action proposed yet another amendment to SB 794, which made primarily three changes to the bill, none of which is relevant to the issue presented here.[9] Not surprisingly, most of Auerbach's testimony before the House Judiciary Committee did not touch on matters that bear on this case. *See id.* However, both Auerbach and David

---

[9] The House amendments: (1) provided a means for determining when an offer of compromise that includes an amount for just compensation and an amount for costs and fees would be more favorable than the result obtained at trial; (2) added what is now codified as ORS 35.300(3); and (3) made minor wording changes to the A-Engrossed version of SB 794. *See* Bill File, SB 794 (June 2, 2009 amendments).

Hunnicutt, speaking on behalf of Oregonians in Action, emphasized one point that is relevant here.

In concluding his testimony, Auerbach told the House Judiciary Committee:

> "The only other thing that I want to make sure that I don't forget to say is that we're not asking through this bill to do anything that's unusual in civil litigation. All we're really trying to do is incorporate a version of what's already in existence generally in civil cases through the rules of civil procedure for offers of compromise into the specific context of eminent domain litigation. So, it's a process that already exists in other contexts. We're just trying to tailor something that's applicable to this special kind of proceeding."

*Id.* Hunnicutt made the same point. *Id.* at 2:51:43 p.m. He told the committee:

> "Once the court determines that fees are entitled pre- and post-offer, the amount of the fees will be determined in the normal course. We're not trying to change the method for determining attorney's fees as they are in any other civil case. This bill doesn't try and change that."

*Id.* Having heard that testimony, the House Judiciary Committee adopted the proposed amendment and sent SB 794, as amended, to the House. After the House approved the bill, the Senate acceded to the House amendments, and the Governor signed the bill. Senate Journal, Regular Session, 2009, S-141.

We draw two conclusions from that history. First, ORS 35.300(2) was added to SB 794 for one reason: to make clear that a property owner who accepts an offer of compromise will receive the pre-offer costs and fees that the owner incurred in litigating the merits of the condemnation action. It was intended to authorize that category of pre-offer costs and fees. It was not intended to limit all categories of post-offer costs and fees. Second, both Auerbach and Hunnicutt emphasized that SB 794 would not change the normal rules for awarding attorney fees in civil actions. In this context, their testimony means that SB 794 was not intended to

displace customary rules, such as ORCP 68, which had been construed as permitting a party to recover both the costs and fees incurred in litigating a fee-generating claim and the costs and fees incurred in determining the amount of the resulting fee award.

We also note that Auerbach's statement—that the bill's drafters were "trying to * * * incorporate what's already in existence generally in civil cases through the rules of civil procedure for offers of compromise"—points in the same direction.[10] While Auerbach's reference to ORCP 54 E was oblique, it was consistent with his and Hunnicutt's express point that SB 794 was not intended to change the normal rules for determining attorney fees.

The legislative history confirms what the text, read in context, implies: A property owner who accepts an offer of compromise under ORS 35.300(2) may recover both the pre-offer costs and fees reasonably incurred in litigating the merits of the condemnation action and the post-offer costs and fees reasonably incurred in determining the amount of the resulting fee award.[11]

The decision of the Court of Appeals and the judgment of the circuit court are affirmed.

---

[10] Auerbach was apparently referring to ORCP 54, which allocates costs and fees when a party asserting a claim accepts or rejects an offer to allow judgment on the claim. *See* ORCP 54 E(2), (3). ORS 35.300(2) is comparable to ORCP 54 E(2), which provides that when the party asserting a claim accepts an offer to allow judgment, the court shall enter a stipulated judgment for the amount offered and accepted; ORCP 54 E(2) also provides that the party asserting the claim may recover its costs and fees "as provided in Rule 68." When the legislature enacted ORS 35.300, settled precedent interpreting ORCP 68 permitted a party to recover both the costs and fees reasonably incurred in litigating the merits of the fee-generating claim and the costs and fees reasonably incurred in determining the amount of the resulting fee award.

[11] The issue in this case is whether the direction in ORS 35.300(2) to include an award of pre-offer costs and fees in the judgment precludes an award of the costs and fees incurred in determining that fee award. This case does not require us to decide whether ORS 35.300(4) limits a party's ability to recover "fees on fees," and we express no opinion on that issue.